## 10390

### BEATTIE v. CITY COUNCIL OF CITY OF GREENVILLE *ET AL.*

(102 S. E. 751.)

1. JUDGMENT—DECISION AS TO AUTHORITY OF FIRE COMMISSIONERS HELD NOT RES ADJUDICATA IN ACTION TO ENJOIN BOARD.—Judgment for plaintiff in suit by a citizen and taxpayer of the city of Greenville to enjoin the city council from exercising authority to purchase supplies for the fire department, and to determine that such authority was vested in the board of fire commissioners created under Act February 16, 1903 (24 St. at Large, p. 242), *held* not *res adjudicata* of suit by other citizens and taxpayers to enjoin the board of fire commissioners from attempting to exercise any authority in the matter after the enabling statute had been superseded.

2. MUNICIPAL CORPORATIONS—REINCORPORATION UNDER GENERAL LAW SUPERSEDED OLD CHARTER.—Reincorporation, under Civ. Code 1912, sections 2893-3097, of the city of Greenville, originally chartered under an act approved December 22, 1885 (19 St. at Large, p. 106), superseded the old charter and Act February 16, 1903 (24 Stat. Large, p. 242), which gave the board of fire commissioners thereby created authority to purchase supplies for the. fire department; such act having amounted only to an amendment of the old charter.

Before MAULDIN, J., Greenville, at chambers, May 7, 1919. Affirmed.

Action by W. E. Beattie and another against the City Council of City of Greenville and the Board of Fire Commissioners of the City. From judgment for plaintiffs, defendant, Fire Commissioners, appeal.

*Mr. Wilton H. Earle,* attorney for appellant, Fire Commission, appellant, submits: *That the judgment of the Circuit Court in the case of Stewart v. City Council, is res adjudicata, so far as this case is concerned:* 17 S. C. 35; 31 S. C. 580; 77 S. C. 90; 81 S. C. 518; 44 S. C. 17; 26 S. C. 178; 84 S. C. 510; 90 S. C. 552; 154 Alabama 242; 45 Southern 568; 129 Am. St. Rep. 54; 105 Am. St. Rep., p. 213 (note); 15 R. C. L., p. 1030, sec. 504, p. 1035, sec. 510; 52 Am. St. Rep. 25, and note; 26 Am. St. Rep. 942; 81 Am. St. Rep. 878; 123 Ky. 59; 93 S. W. 622; 124 Am. St. Rep. 313; (Cal.) 103 Am. St. Rep. 66; 288 Pa. 108; 77 Atl. 242; 139 Am. St. Rep. 993; 213 N. Y. 9; 106 N. E. 751; Ann. Cas. 1916c, 636. *The act of 1913, creating the fire commission for the city of Greenville, is not unconstitutional as being special legislation:* Constitution of 1895, article VIII, sec. 1; 105 S. C. 180; 109 S. C. 1; Code of Laws, vol. I, section 2953; 12 C. J. 714; 12 C. J. 715; 149 S. W. 644. *The act of 1903, creating the fire commission for the city of Greenville, did not cease and determine when the city was reorganized in 1907 under the general law of the State:* Dillon Municipal Corporation, 5th Ed., sec. 338; 157 N. Y. 90; 51 N. E. 431; 166 Mass. 498; 44 N. E. 605; 147 Ill. 534; 35 N. E. 477; note 36 Cyc. 1092, citing *London etc. Railroad Co. v. Limehouse etc. Works,* 69 Eng. Reprint 1048; 11 Ency. U. S. Sup. Ct. Rep. 101, 102; 185 U. S. 88; 46 Law Ed. 818-819; Black on Interpretation of Laws 116; Sedgwick on Construction of Statutory and Constitutional Law 98; 22 Mich. 322-334; 199 U. S. 497; 50 Law Ed. 287; 186 Ill. 560; 58

N. E. 360; 109 U. S. 504; 27 Law Ed. 1012; note 11 Ency.
U. S. Sup. Rep., p. 101; 104 Cal. 258; 37 Pac. 900; 144 N.
Y. 396; 39 N. E. 400.

*Messrs. Haynsworth & Haynsworth,* for plaintiffs-
respondents, and *Mr. Oscar Hodges,* for City of Greenville,
respondent, submit: *The order of Judge Wilson in the case
of Stewart v. City Council, was not res judicata so as to pre-
clude the plaintiffs in this action from raising the questions
presented in the complaint:* 56 S. C. 516; 94 U. S. 351; 146
U. S. 279; 144 U. S. 610; 101 U. S. 677; 21 S. C. 575; 17
S. C. 35; 49 S. C. 505; 43 S. C. 15; 78 S. C. 352; 98 S. C.
185; 77 S. C. 493; 215 U. S. 252; 37 C. C. A. 493; 38 C. C.
A. 167.- *The act of 1903, if construed to apply to the city
of Greenville under its charter of 1907, would be violative
of the Constitution:* Constitution of 1895, article VIII, sec.
1. *The act of 1903, relating to the government and powers
of the city officials of Greenville, should be regarded as an
amendment to the special statutory charter of that city, an
as such it ceased upon the reorganization of the city
Greenville under the general law:* 84 S. C. 451; 64 N. \
253; 50 N. Y. 553; 129a, St. Rep. 54; 50 N. Y. 553; 20 A.
& E., p. 1139; 28 Cyc. 240n; Constitution of 1895, art. VIII,
sec. 1; Code of Laws, sec. 2952 (found in article IV); 105
S. C. 180; 109 S. C. 1.

The decree of the Court below follows:

This action has been brought by the plaintiffs herein, as
citizens and taxpayers of the city of Greenville, in behalf
of themselves and all other citizens and taxpayers of said
city, to declare the act under which the defendants, the fire
commissioners of said city, claim authority to act, as uncon-
stitutional, upon the grounds set forth in said petition, and
to permanently enjoin said board of fire commissioners and
the members thereof from attempting to exercise any author-

ity in matter of purchasing supplies and equipment for the fire department of said city.

Upon the verified petition of the petitioners, Chief Justice Gary issued an order requiring the defendants to show cause before him at Abbeville, S. C., on March 12, 1919, why the prayer of the petition should not be granted. The defendants made return to said rule to show cause, the city of Greenville admitting the allegations òf the petition, and joining in the prayer thereof, and upon the hearing of the case Chief Justice Gary granted a temporary injunction until the case could be heard on its merits. Subsequent thereto the defendants, the fire commissioners of the city of Greenville, amended their return, and asked that the city council of Greenville be also enjoined until the case could be heard upon its merits, and by consent of the attorneys an order was granted by Chief Justice Gary also enjoining the said city council from exercising any control over the fire department or purchasing any supplies and equipment for the fire deparment until the further order of the Court.

The plaintiffs have demurred to the return or answer of the board of fire commissioners "upon the ground that it appears from the face of said answer that it does not constitute a defense to the cause of action set up in the complaint, in that it admits all material facts set up in the complaint, and in that the new matter alleged in said answer does not constitute a defense, and it follows that, as a matter of law, the plaintiffs are entitled to the relief demanded," and further, that said answer is frivolous, and prays for judgment thereon.

The case is, therefore, before me for a decision of the questions involved. The facts may be stated briefly, as follows: The city of Greenville was chartered under an act approved December 22, 1885 (19 St. at Large, p. 106) ; it being declared in said act that the charter should continue for a period of 21 years and until the end of the next ensu-

ing session of the General Assembly. Section 15 of this act gave the city council full authority to organize, equip, and control the fire department. By an act of February 16, 1903 (24 St. at Large, p. 242), there was created for the city of Greenville a board of fire commissioners, with authority to purchase all material and supplies for the fire department of said city. In February, 1907, after the expiration of the said special charter, the city of Greenville was rechartered under the general law as contained in the Code of Laws of 1912 as a city of more than 5,000 inhabitants. A controversy arose in the early part of 1918 between the city council and the board of fire commissioners as to the purchase of a pumping engine. The fire commisisoners recommended the purchase of a La France fire engine, and the city council decided to purchase a Seagrave fire engine. Thereupon a suit was brought by one J. N. Stewart against the city council to enjoin them from purchasing a Seagrave fire engine, and to construe the act of 1903, under which said board of fire commissioners was created. Judge Wilson construed said act, and held that the fire commissioners were vested with full power to purchase equipment and supplies, and enjoined said city council from purchasing the Seagrave fire engine, and based that injunction upon the construction of the statute. The constitutionality of the statute was not raised by the pleadings in the case, and the Court in no wise undertook to pass upon the constitutionality of the statute. The defendants, the fire commissioners, are now contending that the judgment in the case of *Stewart v. The City of Greenville* is *res judicata,* and that said judgment precludes the plaintiffs herein from making any constitutional objections to the act of 1903 under which said board of fire commissioners was created.

The first question that I shall pass upon is the question of *res judicata.* It is a familiar principle that, where legal proceedings involve rights claimed under a statute, the Court will not consider the question as to whether the statute is

constitutional unless such question is clearly made by the
pleadings.   It necessarily follows, therefore, that no judg-
ment involving merely the construction of a statute will be
regarded as determining the constitutionality of the statute.
In order that there should be an adjudication touching the
constitutionality of a statute, that question must be clearly
raised and decided by the Court.   It is also well settled that
a judgment in a case questioning the constitutionality of a
statute upon one ground will not adjudicate the question as
to whether the statute is unconstitutional upon a different
ground.   The following authorities sustain these proposi-
tions: 23 Cyc. 1230; *Cromwell v. County of Sac,* 94 U. S.
351, 24 L. Ed. 195; *W. & W. R. R. v. Alsbrook,* 146 U. S.
279, 13 Sup. Ct. 72, 36 L. Ed. 972; *Nesbitt v. Riverside
Independent District,* 144 U. S. 610, 12 Sup. Ct. 746, 36 L.
Ed. 562; *Douglass v. County of Pike,* 101 U. S. 677, 25 L.
Ed. 968; *Whaley v. Gaillard,* 21 S. C. 575; *Hart v. Bates,*
17 S. C. 35; *Anderson v. Cave,* 49 S. C. 505, 27 S. E. 478;
*State v. Tucker,* 56 S. C. 516, 35 S. E. 215; *Ex parte Flor-
ence School,* 43 S. C. 15, 20 S. E. 794; *State v. Cain,* 78 S.
C. 352, 58 S. E. 937; *Cannon v. Cox,* 98 S. C. 185, 82 S. E.
399; *Kirven v. V.-C. Chem. Co.,* 77 S. C. 493, 58 S. E. 424;
*Id.,* 215 U. S. 252, 30 Sup. Ct. 78, 54 L. Ed. 179; *Board of
Commissioners v. Union Bank,* 37 C. C. A. 493, 96 Fed.
293; *Board of Commissioners v. Sutliff,* 38 C. C. A. 167,
97 Fed. 270.

In *State v. Tucker, supra,* quoting from the syllabus, it
is held: "An adjudication in one appeal of one constitu-
tional objection to a statute does not preclude the same party
from making another constitutional objection to the same
statute on a subsequent appeal."

"A judgment on a different cause of action is not *res
judicata* in a subsequent action where the issues involved in
the second action were not necessarily involved, and were not
actually litigated, in the first action." *Cannon v. Cox,
supra.*   To the same effect, see *Whaley v. Gaillard, supra.*

In the case of *Ex parte Florence School, supra,* it was held the Court will never "pass upon the constitutionality of an act of the legislature * * * unless it is necessary to the determination of the case in which such a question is presented.

Judge Wilson, in the case of *Stewart v. City Council,* did not attempt to pass upon the constitutionality of the act of 1903, which was before him, for the question of the constitutionality of the act was not necessarily involved. It was merely a question under the provisions of the act as to who had the power to purchase the equipment for the fire department. The constitutionality of the act not having been raised or decided in the Stewart case, I am of the opinion that the judgment of Judge Wilson is not *res judicata* as to the questions raised in this case.

The other question to be determined is as to whether the act of February 16, 1903, under which the board of fire commissioners of the city of Greenville was created, contravenes section 1 of article VIII of the Constitution of 1895, which is as follows: "The General Assembly shall provide by general laws for the organization and classification of municipal corporations. The powers of each class shall be defined so that no such corporation shall have any powers or be subject to any restrictions other than all corporations of the same class. Cities and towns now existing under special charters may reorganize under the general laws of the State, and when so reorganized their special charters shall cease and determine."

The statute in question applies only to Greenville, and the restrictions therein put upon Greenville are not placed upon other municipal corporations in the same class, which is plainly violative of the Constitution as special legislation. *Carroll v. Town of York,* 109 S. C. 1, 95 S. E. 121; *Paris Mt. Water Co. v. City of Greenville,* 105 S. C. 180, 89 S. E. 669. By the express terms of the Constitution, the special charter of the city of Greenville ceased and determined upon

its reorganization under the general laws. The city of Greenville was organized as a city of more than 5,000 inhabitants under article III of the Code of Laws, section 2924, et seq.

Article IV of the Code of Laws contains provisions common to all cities and towns containing more than one thousand inhabitants. By section 2952 of the Code of Laws it is provided: "The said (city) council shall have power and authority to equip and control a fire department for the protection of said city in such way as they may deem necessary." It is manifest that by the Constitution it was intended that the cities organized under the Constitution and laws passed in pursuance thereof should possess only those powers and be subject to those restrictions applicable to all other cities of the same class. It is equally manifest that by the general law passed in pursuance of the Constitution it was intended that the city councils of all cities having more than 1,000 inhabitants should have the control of the fire department and the authority to equip the same.

The control of the fire department, then, by the board of fire commissioners after the reincorporation of the city of Greenville under the general law passed in pursuance of the Constitution is utterly inconsistent with the constitutional provision and the express terms of the statute.

The act of 1903 creating a board of fire commissioners for the city of Greenville and conferring upon that board authority to control and equip the fire department under the principle recognized by all Courts is to be regarded as in the nature of an amendment to the special legislative city charter, and, as such, the powers of the board of fire commissioners ceased with the expiration of the city charter. This act does not by its terms amend the act of 1885, but it operates to do so.

"The true view of the legislation to which we have referred, considered as a whole, is that the statutes authorizing towns and cities to contract to pay money at a time

beyond the original charter life are to be construed as legislative amendments of the original charters." *Black v. Fishburne,* 84 S. C. 451, 66 S. E. 681, 19 Ann. Cas. 1104.

"If independent acts relate to the rights, powers, duties, and obligations of the city, they are to be regarded as parts of the city charter." *State v. Ermentraut,* 63 Minn. 104, 65 N. W., at page 253.

In *City of Rochester v. Briggs,* 50 N. Y. 553, the Court, speaking of the charter of the city of Rochester, said: "The charter, as it is called, consists of the creative act and all laws in force relating to the corporation, whether in defining its powers or regulating their mode of exercise." And, again, the Court in the same case said: "A city charter embraces many minor subjects, and yet they are all embraced in the general subject of the charter or corporation."

"In order that a law may operate as an amendment to a municipal charter, it is not necessary that it shall specify that it is an amendment thereto, but it is sufficient that the provisions affect the corporation in its governmental capacity." 20 A. & E., p. 1139; 28 Cyc. 240n; *City Council v. Walker,* 154 Ala. 242, 45 South. 586, 129 Am. St. Rep. 54; *City of Rochester v. Briggs,* 50 N. Y. 553.

It has been suggested by counsel that, if this act is unconstitutional, certain other acts affecting Greenville are invalid. This may or may not be true, but the Court cannot take these matters into consideration until properly presented, and the fact, if it be a fact, that they are unconstitutional, can have no effect in determining the validity of this statute.

I have, therefore, reached the conclusion that the act of February 16, 1903, creating a board of fire commissioners for the city of Greenville was in the nature of an amendment to the city charter; that this statute created a special provision, applicable only to the city of Greenville, and is, therefore, special legislation, and violative of section 1 of article VIII of the Constitution of 1895; that when the city of Greenville was reorganized in February, 1907, under the

general laws of the State, the charter under which the city of Greenville had been operating, together with the special provision contained in the act of 1903, creating the board of fire commissioners, thereupon created and determined under the express provisions of the Constitution, and since that time the board of fire commissioners have been *de facto* officers, and not *de jure*. The city council now has full power and authority under the general laws, as contained in section 2952, Code of 1912, to control and equip the fire department.

It is, therefore, ordered and adjudged: That the demurrer to the answer of the board of fire commissioners be, and the same is hereby, sustained, and the act under which the board of fire commissioners for the city of Greenville was created be, and the same is hereby, declared unconstitutional, null, and void, and the board of fire commissioners of said city, and the members thereof, are permanently enjoined from exercising any control over the fire department, or attempting in any manner to purchase supplies and equipment for the fire department of said city, and that the temporary restraining order granted by Chief Justice Gary on March 28, 1919, enjoining and restraining the mayor and city council from doing any act toward the control of the fire department of said city, or toward the selection of fire equipment or apparatus, be, and the same is hereby, vacated and dissolved.

March 29, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiffs in behalf of themselves and all other citizens and taxpayers of the city of Greenville, brought this action, on March 4, 1919, against the city council and the board of fire commissioners of said city, to enjoin said board from attempting to exercise any authority in the matter of pur-

chasing supplies and equipment for the fire department of said city.

Plaintiffs allege that the act of 1903 under which the board claims authority in the premises was superseded by the reincorporation of the city under the general law in 1907, and, if said act was not so superseded, that it contravenes section 1, art. VIII, of the Constitution. On the verified complaint, a rule to show cause and temporary restraining order was issued against the board. The city council answered and joined with plaintiffs in their contention and prayed for injunction. The board of fire commissioners contested plaintiffs' grounds, and set up the defense of *res adjudicata* in bar of this action, to wit, the judgment in *Stewart v. City Council,* hereinafter mentioned. On hearing the answers, on motion of the board of fire commissioners, the city council was also enjoined *pendente lite* from exercising the authority in question. Thereafter, by consent of all parties, an order was passed modifying the previous orders, so that a committee of citizens should select and purchase the necessary apparatus, and the council should secure the funds and make the necessary appropriation to pay for same.

The facts out of which the issues arise are: The city was chartered under an act approved December 22, 1885, for the period of 21 years, and until the end of the next ensuing session of the legislature. Section 15 of that act gave the city council authority over the fire department. By an act approved February 16, 1903 (24 Stat. 242), provision was made for a board of fire commissioners, with authority, *inter alia,* to purchase suppplies for the fire department.

The Constitution of 1895 (article VII, section 1) provides:

"The General Assembly shall provide by general laws for the organization and classification of municipal corporations. The powers of each class shall be defined so that no such corporation shall have any powers or be subject to any

restrictions other than all corporations of the same class.
Cities and towns now existing under special charters may
reorganize under the general laws of the State, and when so
reorganized their special charters shall cease and determine."

In February, 1907, the city was rechartered under the
general laws (enacted pursuant to the provision of the Con-
stitution above quoted) found in chapter 48, vol. I, Civil
Code 1912, section 2952 of which gives the city council
power and authority to equip and control the fire depart-
ment.

In the early part of 1918 a controversy arose between the
city council and the board of fire commissioners as to which
body had the right to purchase supplies for the fire depart-
ment; and a suit was brought by J. N. Stewart, a citizen and
taxpayer of the city, against the city council to have the
Court construe the act of 1903, under which the board was
created, and determine, upon construction thereof, whether
the authority to purchase supplies for the fire department
was vested in the board of fire commissioners or in the
council.   Stewart concluded that the power was vested in
said board, and prayed that the council be enjoined from
exercising it, and his contention was sustained, and the
council were accordingly enjoined.   From that order there
was no appeal, and that is the judgment which was pleaded
in bar of this action.

The Circuit Court overruled the defense of *res adjudicata*
on the ground that the only issue made and decided in
Stewart's case was whether, upon proper construction of the
act of 1903, the authority to purchase was in the council or
in the board of fire commissioners, and that the grounds
made by these plaintiffs were neither raised nor decided in
that case; and the Court sustained plaintiffs' contentions as
to the act, and granted the injunction prayed for.

The record in *Stewart v. City Council* is not before us.

We assume that it shows what the Circuit Court says it does. That being so, the Court was right in holding that it does not bar this action. The authorities cited by the Court in its opinion, which are recited in respondents' brief, sustain the conclusions reached.

We agree with the Circuit Court, also, in sustaining plaintiffs' contentions as to the act of 1903. Clearly the reincorporation of the city under the general law had the effect of superseding its old charter and the act of 1903 along with it, since that act, in contemplation of law, amounted only to an amendment of the old charter. To hold otherwise would bring the act of 1903 in conflict with section 1 of article VIII of the Constitution. These conclusions are also sustained by the authorities cited by respondents.

Judgment affirmed.