12878

RUTLEDGE v. CITY OF GREENVILLE ET AL.

(152 S. E., 700)

*Mr. Wilton H. Earle,* for plaintiff,

*Mr. B. A. Morgan,* for defendants,

April 3, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On November 23, 1929, this action was brought in the original jurisdiction of this Court for the purpose of enjoining the board of police commissioners of the City of Greenville from exercising any authority or control whatsoever over the police department of that city.

The facts out of which the issues arise are as follows: By an Act approved December 22, 1885, the City of Greenville was chartered for a period of twenty-one years and until the end of the next ensuing session of the General Assembly. Later, an Act approved March 2, 1899, 23 St. at Large, p. 183, created a police commission for the City of Greenville, vesting it with full control and management of the police department, including authority to appoint or select policemen, which theretofore had been exercised by the city council. In 1901, pursuant to Article 8, Section 1, of the Constitution of 1895, the Legislature passed a general law providing for the organization and classification of municipal corporations.

Section 17 of that law, 25 St. at Large, p. 655 (now Section 4552 of Volume 3 of the 1922 Code), is as follows:

"The said Council shall have authority to appoint or elect as many policemen, regular or special, as may be necessary for the proper government of said city, to fix their salaries and prescribe their duties. They shall be sworn in and vested with all the powers now conferred by law upon Constables, in addition to the special duties imposed upon them by Council: *Provided,* Such powers shall not be exercised beyond the limits of said city or town: *Provided,* That in cities where Boards of Police Commissioners have been established by law the election or appointment of the police officers and men of such cities shall be governed by the provisions of law pertaining to said Board of Police Commissioners for such city."

The city was rechartered under the general law; the new charter being issued by the Secretary of State on February 14, 1907. By an Act approved February 20, 1907, 25 St. at Large, p. 813, the Legislature undertook to amend the Act of 1899 so as to provide that the members of the police commission should be elected by the people instead of by the city council.

The petitioner, as grounds for the relief sought, alleges:

"That the attempted exercise of the powers claimed by the Board of Police Commissioners is in violation of the Constitution and the statutes of this State, and the Act of the General Assembly, under which they claim their authority, has under the terms of the Constitution ceased to be of force, and, in addition, it is special legislation, and contravenes Section 1 of Article VIII of the Constitution of 1895."

On the verified petition, a rule was issued by Chief Justice Watts, requiring the respondents to show cause why the injunction should not be granted. The respondents, the mayor and city council, by way of answer, alleged that they had not knowledge or information sufficient to form a belief of

the truth of certain allegations contained in the petition, and pleaded that they recognized the board of police commissioners as a properly constituted and lawful body, with such authority as it has performed and is now exercising.

The board of police commissioners by their answer alleged, *inter alia:*

"While Section 1 of Article VIII of the Constitution of 1895 provided for the classification of cities so that none shall have any powers or restrictions not applicable to other cities of the same class and directed the General Assembly to enact laws thereunder, said Constitution carried another provision to be found in Subdivision X, of Section 34 of Article III, which is,

" '*Provided,* That nothing contained in this Section shall prohibit the General Assembly from enacting special provisions in general laws.'

"These defendants allege that a just conclusion cannot be obtained unless Section 1 of Article 8 and Subdivision 10, of Section 34, of Article 3, of said Constitution are construed together, and that when so done, the Act creating said Board will be found to be a 'special provision' in a 'general law.'

"The Constitution was adopted in 1895; the Board was created in 1899; the general assembly classified this city in 1901, carrying in the Act the special provision which recognized the law creating the board; the old charter was surrendered February 14th, 1907; the Act creating the board was amended February 20th, 1907, and thus the law now pertaining to the board not only became such, but is still, a part of the general law."

A demurrer to this answer was interposed on the ground that it was insufficient as a defense.

The contention of the petitioner is that, when the special charter of the City of Greenville was surrendered in February, 1907, the Act of 1899, being a part of the charter, ceased to be operative and could not thereafter be amended,

and further that the Act of 1899, with the amendatory Act of February 20, 1907, 25 St. at Large, p. 813, is void as special legislation.

This contention of the commissioners is that the Act of 1899 was incorporated by the Act of 1901 in the general law of the State as a "special provision," as permitted by the Constitution, and that the Act approved February 20, 1907, purporting to be an amendment to the special Act of 1899, was in fact an amendment of the general law.

The petitioner cites the case of *Beattie v. Greenville,* 113 S. C., 541, 102 S. E., 751, 755, as conclusive of the questions here raised. The *Beattie case* was an action against the city council and fire commission of the City of Greenville, asking that the commission be declared an illegal body operating without sanction of law. This commission was created by a special Act of the General Assembly of 1903 (24 St. at Large, p. 242), while the city was still operating under its special charter of 1885. With regard to the question there raised, this Court said: "Clearly the reincorporation of the city under the general law had the effect of superseding its old charter and the Act of 1903 along with it, since that Act in contemplation of law, amounted only to an amendment of the old charter. To hold otherwise would bring the Act of 1903 in conflict with Section 1 of Article 8 of the Constitution."

The respondents, however, answer that the present case may be differentiated from the *Beattie case,* for the reason that the proviso in Section 17 of the General Law of 1901 (now Section 4552 of the Code), above quoted, incorporated into the general law as a "special provision" the Act of 1899 while no such proviso was made in the general law with regard to the fire commission, about which litigation in the *Beattie case* was had.

The *Beattie case* clearly controls the decision here, unless the case at bar may be differentiated from it for the reason given by the respondents. "The provi-

sions of one statute may be made applicable to another by reference to the former in the latter, in the absence of constitutional restriction," if the reference be adequate. *Santee Mills v. Query,* 122 S. C., 158, 115 S. E., 202, 205. In the present case we think the reference in the 1901 general law is inadequate, as it does not show any identifying mark of the statute or statutes intended to be incorporated in that law. But, waiving this consideration, we meet the more serious objection that the Act of 1899 was not incorporated bodily in the Code as a part of the general statutory law. Nor was the 1907 amendment so incorporated.

In *State v. Meares,* 148 S. C., 118, 145 S. E., 695, 697, it was held that the failure to incorporate bodily in the Code of 1922 certain Acts or amendments which were a part of the general statutory law of the State at the time of the codification of such laws rendered such Acts or amendments inoperative. The Court said:

"If the Legislature may incorporate Acts or amendments into the Code by mere reference to them, the very purpose of the constitutional provision would be utterly defeated, and one seeking to find the law on any subject would still be put to the necessity of examining yearly volumes of the statutes prior to the Code."

Under that decision, the Act of 1899, and the purported amendment of 1907, became inoperative, for the reason that they were not incorporated bodily in the Code as a part of the general statutory law of the State. See, also, *Green v. Rock Hill,* 149 S. C., 234, 147 S. E., 346. The petitioner, therefore, is entitled to the injunctive relief prayed for.

The judgment of this Court is that the board of police commissioners for the City of Greenville be, and they are hereby, permanently enjoined from exercising, or attempting to exercise, any authority in the matter of appointment or election of policemen for the City of Greenville, or from exercising, or attempting to exercise, any control or au-

thority whatsoever over the police department of that city; and it is so ordered.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.