STATE v. SATTERWHITE.

1. Facts not stated in the brief cannot be assumed in order to show that a Circuit judge exceeded his jurisdiction.
2. The mere signing of an order for bail outside of his circuit, for a prisoner of his circuit, does not show that the judge heard the application beyond the limits of his own circuit. This case distinguished from *Ex parte Parker*, 6 *S. C.* 472.
3. The Court of Sessions and the judges thereof have the power to admit persons to bail in all criminal cases, even after conviction, but it is a power to be exercised with due discretion, and, after conviction, with extreme caution.
4. A recognizance entered into and approved by the clerk of court, under the order of the judge, is in effect the taking of such recognizance by the judge himself, and is legal and binding.
5. An infant is not liable on a recognizance he signs as surety for another, unless he ratify and confirm it after attaining his majority, whether a recognizance be regarded as in the nature of a judgment or not.

Before KERSHAW, J., Newberry, July, 1883.

The opinion fully states the case.

*Messrs. Goggans & Herbert,* for appellant.

*Mr. Solicitor Duncan,* contra.

March 11th, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. The facts out of which the points made by this appeal arise, are as follows: John P. Satterwhite was convicted at the February Term of the Court of Sessions for Newberry county (one of the counties embraced within the limits of the Seventh circuit), A. D. 1881, of the crime of maliciously burning a frame of timber prepared for building a house, and sentenced to imprisonment for five years in the State penitentiary. From this judgment he appealed, and, pending the appeal, he was carried before the judge of the Seventh circuit under a writ of *habeas corpus* and admitted to bail. Under this order he entered into recognizance before the clerk of Sessions for Newberry county with the appellant, Kittie Satterwhite, and one J. F. Wheeler as his sureties.

His appeal having been dismissed, this proceeding was instituted to estreat his recognizance, and, upon hearing the return to the rule as to Kittie Satterwhite, Judge Kershaw held that no sufficient cause was shown, and ordered the recognizance estreated as to her. From this Kittie Satterwhite appeals, upon the following grounds: "1st. Because the recognizance sought to be estreated is illegal and contrary to public policy and void. 2d. Because the recognizance having been taken by, and acknowledged before the clerk of the court, instead of a judge or trial justice, as required by law, is void. 3d. Because his Honor erred in holding that Kittie Satterwhite was liable on the said recognizance, although she was under twenty-one years of age at the time of its execution."

As we gather from the argument of the counsel for appellant, two points are intended to be made by the first ground of appeal. 1st. That the judge of the Seventh circuit had no jurisdiction to hear an application for bail while in Columbia, outside the

limits of his own circuit, and therefore the recognizance taken under his order was illegal and void. Even granting the legal proposition upon which this point is based, (upon which, however, we do not now propose to express any opinion,) that the judge of the Seventh circuit had no authority to hear an application for bail in a case pending in his own circuit, while outside the limits of his circuit, we do not think that the " Case " furnishes the facts necessary to raise such a question, and we certainly cannot assume the existence of any fact necessary to show that a Circuit judge has exceeded his jurisdiction. On the contrary, we would assume, until the contrary is shown, the existence of the facts necessary to give him jurisdiction. The rule that applies in inferior courts, " that their proceedings must show upon their face that the subject-matter is within their jurisdiction," (*Devall* v. *Taylor*, *Cheves* 6,) does not apply to superior tribunals, for, as is said in that case, " the general rule, as stated by the court in *Winford* v. *Powell*, 2 *Ld. Raym.* 1310, in regard to inferior courts is, that nothing shall be intended to be within the jurisdiction that is not expressly averred so to be ; though, in case of a superior jurisdiction, nothing shall be intended out of it."

Now, in this case, there is nothing whatever to show that the judge of the Seventh circuit was outside the limits of his circuit when he heard and granted the order for bail, except the single circumstance that the order is dated " Columbia, S. C., 5 May, 1881," and this is not inconsistent with the supposition that he may have heard and determined the application while in the Seventh circuit, and subsequently signed the order in Columbia. This case differs materially from the case of *Ex parte Parker*, 6 *S. C.* 472, for there it was conceded that the judge of the Sixth circuit went into the Fifth circuit for the purpose of issuing a writ of *habeas corpus* in a case pending in the Fifth circuit, and there heard the application and granted the order of discharge, while here the case was pending in the Seventh circuit, and there was no evidence as to where the writ of *habeas corpus* was issued, and only a single circumstance indicating that the order was signed beyond the limits of the Seventh circuit. We do not, therefore, think that sufficient appears in this case to warrant us in saying

that Judge Wallace exceeded his jurisdiction in granting the order under which the recognizance in question was taken.

The second point raised by the first ground of appeal is, that there is no authority for granting bail to a prisoner after conviction of an infamous offense, but, on the contrary, it is against public policy, and therefore the recognizance taken in this case was void. In the case of *State* v. *Frink*, 1 *Bay* 168, such an order was granted after a conviction for manslaughter. In the case of *State* v. *Hill*, 1 *Tr. Con. Rep.* 242, the question was whether bail could be granted after bill found by the grand jury, and the power was affirmed. In that case Judge Nott said: "I have no doubt but the judges of the court have the power and right to admit persons to bail after bill found in a capital case. Blackstone and Hawkins both say the judges of the King's Bench may admit to bail in all cases, and although it is not particularly said after bill found, yet, if this power extends to all cases, there are none to which it does not extend."

The reasoning and illustrations employed in this case will apply with equal force to the question of the power to admit to bail even after conviction; and, as Nott, J., says, if the power extends to all cases, then there are none to which it does not extend, and hence it may be exercised even after conviction. In *State* v. *Potter*, *Dudley* 300, Earle, J., said: "Independently, however, of the *habeas corpus* act, the Court of Sessions, by virtue of its general powers in criminal matters, may, in term time or at chambers, admit a prisoner to bail in all offenses and felonies whatever." The two cases last cited are recognized in *State* v. *Holmes*, 3 *Strobh.* 272. See also *Hurd Hab. Corp.* 444, 445, and authorities there cited.

It is true there is a case (*State* v. *Connor*, 2 *Bay* 34,) cited by the counsel for appellant which seems to sustain his position. But in that case the question was not properly before the court of last resort, though the judges of that court did take occasion to say that they approved the course of the Circuit judge in refusing to admit the defendant to bail after conviction in a case so highly criminal, but at the same time recognized the power to grant bail even after conviction in cases for lower offenses. That was a case in which the defendant was convicted of forgery at

common law in altering the date of a receipt, and some stress seems to have been laid upon the fact that the offense belonged to the class of *crimen falsi* and called for infamous punishment. We do not think, therefore, that this case, which, so far as we have been able to discover, has not been followed in any subsequent case, based as it is upon a mere dictum and not upon a point presented for decision, is sufficient to supersede what we understand to be the rule to be deduced from the other cases cited above, to wit, that the Court of Sessions and the judges thereof, like the Court of King's Bench in England, have the power to admit persons to bail in all cases, even after conviction, but that it is a power, as is said in all of the cases, to be exercised with due discretion, and after conviction with extreme caution. The other case cited by appellant's counsel, *Ex parte Ezell*, 19 *Am. Rep.* 32, (40 *Tex.* 451,) does not apply. In that case the only question was whether a statute prohibiting the granting of bail after conviction was in conflict with a clause in the constitution of Texas, providing that "all prisoners shall be bailable upon sufficient sureties." The very fact that it was found necessary to pass such a statute, would seem to imply that in that State a prisoner could, prior to the act, be bailed after conviction.

The second ground raises the question as to the power of the clerk to take the recognizance in question. The appellant contends that section 2659 of the general statutes of 1882, which is identical with section 7, chapter CXLII. general statutes of 1872, (the law which was in force at the time the recognizance in this case was taken,) expressly requires that every recognizance "for appearing as a party * * * at any court of criminal jurisdiction within the State," shall be "acknowledged in the presence of a judge or trial justice, who shall certify such acknowledgment, otherwise such recognizance shall be void," and, therefore, that a recognizance taken and acknowledged before the clerk has no legal or binding force. In this case the order for bail expressly required that the recognizance "be entered into and approved by the clerk of said court;" and this was in accordance with what we understand to have been the universal practice in this State. It was, in effect, the taking of the recognizance

by the judge himself, acting through the proper officer of his court, just as many other acts are done by the clerk, through the directions of the judge, as the acts of the court. We do not think, therefore, that the second ground of appeal can be sustained.

The third ground of appeal presents the question, whether the infancy of the appellant, at the time she signed the recognizance, is a good defense to the proceeding to estreat the recognizance. The Circuit judge found, as a matter of fact, that she was an infant under the age of twenty-one years at the time she signed the recognizance, but he found, as matter of law, that she could not, upon this ground, escape liability ; " that a recognizance to appear is not simply a bond for the payment of money, and is not a simple contract, such as may be avoided on the usual grounds. It is of the nature of a judgment, and the signers acknowledge the existence of a subsisting obligation which is of record. Kittie Satterwhite can no more avoid this bond, and escape liability as surety, than she could avoid a judgment regularly obtained against her, according to law, during her infancy, and a part of the records of the court."

We think that the authorities cited by the appellant's counsel show that in this there was error. In *State* v. *Morgan*, 2 *Bailey* 601, it was held that a recognizance was not a judgment. In that case O'Neall, J., said : "A recognizance is defined to be an obligation of record which a man enters into before some court of record or magistrate duly authorized with condition to do some particular act. 2 *Bl. Com.* 34. The present application supposes it to be not only a record but also a judgment, creating a lien on the cognizor's land from its date. But this notion is, I think, erroneous. * * * Such a floating and unascertained liability as exists under a recognizance, is contrary to all my ideas of a judgment, which fixes both the liability of the defendant to pay and the amount which he is to pay." But, even could a recognizance be regarded as a judgment, or in the nature of a judgment, the plea of infancy might still be available. *Haigler* v. *Way*, 2 *Rich.* 324.

Whether an infant could bind himself by a recognizance to appear and answer to a criminal charge, is a question which does

not arise in this case, and has not, therefore, been considered. The question here is, whether an infant can be made liable on a recognizance which she has signed as surety for another; and all that we decide is, that she cannot in such a case unless it were shown, as it has not been in this case, that after she became of age she in some way ratified or confirmed the obligation entered into by her during infancy. On this ground, therefore, the judgment below must be reversed.

The judgment of this court is that the judgment of the Circuit Court be reversed.