## STATE v. FARRIS.

1. BAIL—SUPREME COURT.—Sec. 75, Crim. Stat., does not apply to Supreme Court, and that Court may grant bail in any case before or after conviction.

2. NEW TRIAL—APPEAL, SUSPENSION OF.—This Court will suspend an appeal for the purpose of enabling the appellant to make a motion for a new trial below on after-discovered evidence, when there is a sufficient *prima facie* showing to satisfy this Court that the motion is not frivolous or made for delay merely, but *may* have some merit in it.

Petition for writ of *habeas corpus* in State, respondent,

against W. D. Farris, appellant, and motion by appellant to suspend appeal for purpose of permitting him to make a motion for new trial on after-discovered evidence.

*Messrs. Buist & Buist* and *W. S. Tillinghast,* for the motions.

*Mr. Solicitor Bellinger,* contra.

December 3, 1897. PER CURIAM. The defendant in this case having been convicted in the Court of General Sessions for Beaufort County of the offense of obstructing the track of the Charleston and Savannah Railway Company, in violation of the provisions of section 123 of the Criminal Statutes (2 Rev. Stat., p. 305), was sentenced to confinement in the penitentiary for the term of ten years and one month, and was committed to the jail of Beaufort County, pending his appeal from said judgment, where he now is. The prisoner applied for and obtained a writ of *habeas corpus,* for the purpose of procuring bail pending his appeal. So that the question presented for the decision of this Court is whether the prisoner is entitled to bail under the circumstances of this case, as shown by the affidavits and other papers submitted at the hearing.

The application for bail was resisted by the solicitor mainly upon the ground that no authority was conferred upon this Court, or any other tribunal, to grant bail after conviction, where, as in this case, the punishment imposed exceeded imprisonment for a term of ten years. Sec. 4 of art. V. of the present Constitution declares that "The Supreme Court shall have power to issue writs or orders of injunction, mandamus, *quo warranto,* prohibition, certiorari, *habeas corpus,* and other original and remedial writs." This necessarily implies that the Supreme Court may grant any relief for which such writs are an appropriate remedy. Now it is very certain that the writ of *habeas corpus* is an appropriate mode of bringing before the Court any person confined in jail, or otherwise

deprived of his personal liberty, for the purpose of inquiring into the cause of the capture or detention of such person, and after such inquiry the Court may determine whether the person in custody is entitled to an absolute discharge, or only to a conditional discharge, to wit: upon his giving bail to appear and answer to the charge under which he is confined. This Court, therefore, has no doubt of its power to grant bail in any case where a person is in custody under a charge of violating the criminal law of the State.

This being a power conferred upon the Supreme Court by the Constitution, it might be an interesting inquiry, whether such power could be taken away or abridged by an act of the legislature; but as we are not aware of any statute by which the legislature has undertaken either to abridge or take away such power from this Court, we do not deem it either necessary or proper to enter upon such inquiry at this time. Sec. 75 of the Criminal Statutes (2 Rev. Stat., p. 283,) has been referred to as depriving a person, after conviction, of the right to bail in certain cases. That section reads as follows: "It shall not be lawful for any Justice of the Supreme Court, or any Circuit Judge of this State, pending an appeal to the Supreme Court, to grant bail to any person who shall have been convicted of any offense, the punishment whereof is death, or imprisonment for life, or imprisonment for any term exceeding ten years." It is very manifest from the language used in this section that it has no application to the Supreme Court, for its provisions are, in express terms, confined to a single Justice of the Supreme Court and to the Circuit Judges. The very fact that the language is so confined, affords a strong inference that the legislature did not intend to undertake to abridge the powers of this Court in granting bail, either before or after conviction in any case; a power which was exercised by this Court in the case of *State* v. *McFail*, 36 S. C., 605. In accordance with these views, an order has been passed, granting the prisoner bail upon the terms specified in the order.

December 13, 1897.  PER CURIAM.  In this case two motions were submitted—first, a motion to grant the prisoner bail pending his appeal, and, second, a motion to suspend the appeal for the purpose of enabling the defendant to move before the Circuit Court for a new trial upon the ground of after-discovered evidence.  The first motion has been disposed of by an order heretofore granted, allowing the prisoner's application for bail, for the reasons stated in an opinion accompanying said order.  It, therefore, only remains for us to dispose of the second motion.

Inasmuch as this Court has no jurisdiction of questions of fact in a law case, and inasmuch as motions of the character of the one now under consideration depend mainly upon questions of fact, it has been found necessary to adopt the practice, which is now well settled, that where the motion for the new trial cannot be made before the appeal is perfected, whereby this Court acquires and the Circuit Court loses jurisdiction of the case, this Court, upon a proper showing, will grant an order suspending the appeal, with leave to the appellant to move, before the Circuit Court, which is invested with jurisdiction of questions of fact, for a new trial upon the ground of after-discovered evidence.  But such an order will not be granted by this Court, unless there is such a *prima facie* showing made as will satisfy this Court that the motion is not frivolous, or made for delay merely, but *may* have some merit in it.  So that the only question in this case is, whether such a *prima facie* showing has been made.  Without going into any consideration of the facts presented by the affidavits submitted, which it is not necessary and scarcely proper for us to do, as that might work some prejudice to the one party or the other, it is sufficient for us to say that we are of opinion that the *prima facie* showing required has been made in this case.  But we desire to repeat here what has been said in several of our cases, that in granting the motion we are not to be understood as expressing or even intimating any opinion whatever as to the merits of the

motion for a new trial; and that question should be considered by the Circuit Judge before whom the motion for a new trial may be made *solely* upon the facts as presented before him when the motion is made, wholly uninfluenced by the fact that this Court has granted leave to the appellant to make such motion.

It is, therefore, ordered, that the appeal in this case be suspended, for the purpose of enabling the defendant to move before the Circuit Court for a new trial upon the ground of after-discovered evidence.

It is further ordered, that the Circuit Court do certify to this Court its action in the premises; and, if a new trial be granted, the result of such trial.

It is further ordered, that the clerk of this Court do furnish the clerk of the Court of General Sessions for Beaufort County with a certified copy of this order, to be filed with the record of the case in that Court.