12534

STATE *ET AL.* v. MEARES, SUPERINTENDENT OF EDUCATION *ET AL.*

(145 S. E., 695)

*Messrs. Wilton H. Earle,* and *Blythe & Bonham,* for appellants,

*Messrs. C. S. Bowen,* and *P. C. Cothran,* for respondents.

November 30, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On January 12, 1928, upon petition of a majority of the patrons and electors of Welcome School District No. 6-E, located in Greenville County, the County Board of Education of that County appointed the defendants Linkenauger, Roseman, and Kitchen school trustees for that district, for a term expiring June 30, 1928. On April 12, 1928, a petition signed by at least one-third of the qualified electors of the district was filed with the County Board, asking for an election of trustees for the term beginning July 1, 1928. The board having failed to order the election as requested, these proceedings were instituted in the original jurisdiction of this Court by the petitioners for themselves and all qualified electors and school patrons of the district against the County Superintendent of Education, the County Board of Education, and the Board of Trustees. The action was for a writ of mandamus to compel the County Board to order the election, and for a writ of injunction, enjoining and restraining that board from appointing or commissioning any person or persons as trustees of the district, for the term of office beginning July 1, 1928.

The return and answer of the defendants challenged the constitutionality of the statutes upon which the petitioners relied for the holding of the election, and alleged that, in making the appointment of the then trustees of the district, the County Board of Education acted in conformity with the provisions of Section 2615, Vol. 3, Code of Laws of 1922, and that the appointees were the duly qualified trustees.

The matter was heard, on May 3, 1928, by Hon. T. P. Cothran, Associate Justice, who made an order granting the relief prayed for by the petitioners, and directing that an election for trustees be held on Tuesday, June 19, 1928, and that the defendants, in the meantime, be enjoined from appointing or commissioning any one as a trustee of the district for the term beginning July 1, 1928, otherwise than as directed by his order.

The defendants filed exceptions, and the appeal was argued before this Court at its October, 1928, term, Mr. Justice Cothran not participating. The appellants state, upon their exceptions, three propositions: (1) That the Acts under which the election was ordered are unconstitutional, being special Acts where a general law could be made applicable, and not special provisions in a general law; (2) that, even if the Court should hold the Acts to be constitutional, the appellants were properly and legally appointed trustees under Section 2615 of the Code of 1922, and (3) that, as the Act of 1920 fixed the "second Tuesday in May, A. D. 1920, and upon the same day every second year thereafter," as the time for holding elections for school trustees in Greenville County, the Court was without authority to order an election to be held on June 19, 1928.

A consideration of the first proposition requires reference to the statutes involved. Section 1752 of the Code of 1912, providing for the appointment of school trustees, is in part as follows:

"Each County Board of Education on the first Tuesday of July, 1906, and on the first Tuesday in July every two

years thereafter, shall appoint for each school district in
their County three School Trustees, from the qualified elec-
tors and taxpayers residing in the district, who shall hold
their office for two years, and until their successors are ap-
pointed and qualified, unless sooner removed by the County
Board of Education."

This section was amended in 1914 so as to provide for
the election of trustees in Spartanburg County. 28 Stat.,
567. In 1917 the Act was again amended. 30 Stat., 306.
In 1918, by amendment, the 1914 Act was made applicable
to Greenville County in all of its provisions relating to
Spartanburg County. 31 Stat., 653. In 1920 an Act was
passed fixing the time of election of school trustees in Green-
ville County for the "second Tuesday in May, A. D. 1920,
and upon the same day every second year thereafter." 31
Stat., 958.

The contention of the appellants is that the Act of 1918
was a special Act applying only to Greenville County, and
amended another special Act by making the provisions of
that Act, which were applicable only to Spartanburg County,
apply also to Greenville County, and that these Acts being
special Acts where a general law is applicable are repugnant
to Subdivision 9, § 34, Art. 3, of the State Constitution,
which provides that " * * * where a general law can be
made applicable, no special law shall be enacted."

Subdivision 10 of Section 34, Art. 3, of the State Con-
stitution, provides: "That nothing contained in this section
shall prohibit the General Assembly from enacting special
provisions in general laws." It is clear, as held by Mr. Justice
Cothran, that the amendment to Section 1752 of the Code of
1912, a general law, by the Act of 1914, relating to Spartan-
burg County, was not prohibited by Article 3, § 34, of the
Constitution, it being a special provision in a general law;
and for the same reason the amendment to the Act of 1914,
by the Act of 1918, further amending Section 1752 of the

Code of 1912, relating to Greenville County, must be held to be valid.

We think, however, a more serious question is pre-sented by the appellants' second proposition. Section 1752 of the Code of 1912, a part of which has been quoted, was incorporated in the Code of 1922 as Section 2615 of Volume 3. The various amendments, however, to Section 1752 were not bodily reproduced in the 1922 Code as a part of Section 2615. Instead, the following proviso was inserted in that section:

"Provided, further, That nothing herein contained shall be construed to repeal any Act or Acts of the General Assembly heretofore passed providing for a different * * * method of selection or the election of School Trustees of any particular school district or the school districts of any particular county of the State."

The first question then, is whether this proviso has the effect, as held by Mr. Justice Cothran, of curing the bodily omission of the amendments from the 1922 Code and of making these amendments parts of Section 2615 by reference, as if they had been bodily incorporated therein.

There is no doubt that, as stated in *Santee Mills v. Query*, 122 S. C., 158, 115 S. E., 202, quoting from 36 Cyc., 969, the general rule is that "the provisions of one statute may be made applicable to another by reference to the former in the latter, in the absence of constitutional restriction," provided the reference is adequate.

Mr. Justice Cothran in his order said:

"That the compilers of the Code intended to reenact the Acts referred to is clear; although it must be admitted that they adopted a very bungling method of taking 'a short cut' to accomplish this purpose."

The question presented, however, is not so much what the compilers of the Code intended to be effected by the proviso, as whether, under the express provisions of the Constitution,

the effort was rendered futile and the Acts in question made inoperative by the failure to bodily reproduce them in the Code.

With respect to the codification of the laws, Section 5, Art. 6, of the State Constitution, provides in part:

"The General Assembly, at its first session after the adoption of this Constitution, shall provide for the appointment or election of a Commissioner, whose duty it shall be to collect and revise all the General Statute law of this State then of force as well as that which shall be passed from time to time, and to properly index and arrange the said Statutes when so passed. And the said Commissioner shall reduce into a systematic Code the general statutes, including the Code of Civil Procedure, with all the amendments thereto, and shall, on the first day of the session for the year nineteen hundred and one, and at the end of every subsequent period of not more than ten years, report the result of his labors to the General Assembly, with such recommendations and suggestions as to the abridgement and amendments as may be deemed necessary or proper. Said report when ready to be made, shall be printed and a copy thereof laid upon the desk of each member of both houses of the General Assembly on the first day of the first session, but shall not be taken up for consideration until the next session of said General Assembly. The said Code shall be declared by the General Assembly, in an Act passed according to the forms of this Constitution for the enactment of laws, to be the only general statutory law of the State; but no alterations or additions to any of the laws therein contained shall be made except by Bill passed under the formalities heretofore prescribed for the passage of laws."

The General Assembly, in performance of its duties as the lawmaking body of the State, meets once each year. At every session of that body new general laws are passed and old ones amended or repealed. When the work of a session

is finished, the laws, both local and general, enacted at that session, are collected and published in book form, indexed and numbered, for the convenience and use of the general public and the legal profession. If this plan were followed without periodic rearrangement or systematic codification of the laws, it would be necessary, in order to find the law on any subject, to examine every such volume of the statutes and every Act applicable to the subject, which would require much time and labor. Clearly, in order to obviate this difficulty and to make the general laws of the State easily accessible without the necessity of examining all the volumes of the statutes, the framers of the Contitution provided for the collection and systematic codification of all the general laws of the State at least every ten years, and directed that such Code shall be declared by the General Assembly to be the only general statutory law of the State. If the Legislature may incorporate Acts or amendments into the Code by mere reference to them, the very purpose of the constitutional provision would be utterly defeated, and one seeking to find the law on any subject would still be put to the necessity of examining yearly volumes of the statutes prior to the Code; and where the reference, as in the present case, is indefinite or inadequate, not even showing the titles of the Acts or dates of their passage, all such yearly volumes would have to be examined. To illustrate: If Section 2615 of the Code, with the same proviso, should be incorporated into the Codes of the future, then the necessity for such examination would continue indefinitely—in the year 2012 an examination of the law would involve one hundred volumes of the statutes (2012) volume of the Code. The Legislature itself, in the Codification Act, 31 Stat., p. 1346, recognized the purpose of the constitutional provision, and declared that the Code should contain all the general statutory laws of the State. We think that the compilers of the Code, in failing to incorporate bodily in the Code the Acts or amendments in

question, violated the express terms of the Constitution, and thus rendered these Acts or amendments inoperative.

The conclusion reached renders unnecessary an examination of the appellants' third proposition.

The order appealed from is reversed, and the petition dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN not participating.