16351

EVANS v. MANNING
(59 S. E. (2d) 341)

*Messrs. John M. Daniel,* Attorney General, of Columbia, and *R. Hoke Robinson, Assistant Attorney General,* of Columbia, *for Appellant,*

12

*Mr. A. W. Holman,* of Columbia, *for Respondent,*

May 1, 1950.

Oxner, Justice.

This is a proceeding in *habeas corpus.* The Court below held that petitioner, William E. Evans, was unlawfully detained in the South Carolina Penitentiary and ordered his release. The exectuion of said order was stayed by the Chief Justice of this Court, but petitioner was granted bail in the sum of $1,000.00 pending this appeal. He is now at liberty under this recognizance.

During the term of the Court of General Sessions of Spartanburg County held in July, 1942, petitioner was convicted of procuring an abortion resulting in death, Section 1112 of the Code of 1942, and a sentence of imprisonment for a term of twelve years imposed. On appeal to this Court, the judgment was affirmed. *State v. Evans,* 202 S. C. 463, 25 S. E. (2d) 492.

Petitioner was committed to the State Penitentiary and commenced service of the above sentence on May 12, 1943. On December 20, 1945, Honorable Ransome J. Williams, who was then Governor, authorized his release until January 3, 1946, for the purpose of visiting his mother who was

ill. On January 2, 1946, one day before the expiration of said leave of absence, Governor Williams wrote the Superintendent of the Penitentiary the following letter: "This is your authority to release William E. Evans until the Probation and Parole Board can make a final investigation of this case to be presented to the Pardon Board at its next meeting."

Petitioner remained at large under the above authorization. So far as the record discloses, no "final investigation" was ever made by the Probation and Parole Board, nor was the matter ever presented to the Pardon Board. On May 20, 1947, Honorable J. Strom Thurmond, who succeeded Governor Williams, revoked all leaves of absence outstanding on the date he assumed the office of Governor. Pursuant to this revocation and the publicity attendant thereon, petitioner voluntarily returned to the penitentiary on May 27, 1947, for the purpose of serving the remainder of his sentence.

The proceeding now before us was commenced on August 3, 1948. After due consideration of the petition and the return of the Attorney General, the County Judge filed an order on September 27, 1948, directing the Superintendent of the Penitentiary to release petitioner.

We shall first dispose of a preliminary question raised by the Attorney General to the effect that the County Court was without jurisdiction to issue the writ of *habeas corpus*. He contends that this proceeding is of a criminal nature and that the Richland County Court is not vested with criminal jurisdiction. We need not determine whether this is a civil or criminal proceeding because the act creating the Richland County Court expressly gives it jurisdiction in *habeas corpus* proceedings. Section 165 of the 1942 Code confers on that Court jurisdiction, subject to certain limitations immaterial here, in "all civil cases and special proceedings." It is not vested with general criminal jurisdiction but Section 170 provides that the "county judge shall have the power to issue writs of *habeas corpus* in all cases and to grant

bail, except in capital cases." Certainly the power mentioned includes the power to grant bail in criminal proceedings. The right to be admitted to bail in such cases is frequently enforced in a *habeas corpus* proceeding. No good reason appears why the term *"habeas corpus"* as used in this statute should not be given its well accepted meaning. If the power here conferred was intended to relate only to matters of a civil nature, it would be surplusage because the Court had already been given jurisdiction in "all civil cases and special proceedings". We find no difficulty in concluding that the County Court had jurisdiction to entertain this proceeding.

We now turn to the merits of the proceeding. In the record is an affidavit by former Governor Williams in which it was stated that on or about January 2, 1946, "he granted William E. Evans a leave of absence with the understanding that the South Carolina Probation, Pardon and Parole Board would investigate the said William E. Evans with the view of granting him a parole; that deponent thereafter authorized and instructed his secretarial staff to prepare the necessary papers for deponent to sign granting the said Evans a parole; that deponent thought and believed that the matter had been attended to and that William E. Evans had been paroled; * * * that it was his clear and full intention to grant the said Evans a parole and that it was only through oversight and congestion in deponent's official staff which caused the matter to be overlooked."

Petitioner contended that under these circumstances he was entitled "to an equitable parole". This contention was overruled by the Court below upon the ground that whatever may have been the intention of Governor Williams, he never in fact paroled petitioner. We are in accord with this conclusion.

The County Judge held, however, that petitioner was entitled to remain at liberty because there had never been any compliance with the conditions stated in Governor Williams' letter of January 2, 1946. The Court further concluded that

if Governor Thurmond had "been apprised of the condition or nature of this leave of absence", he would never have undertaken to cancel or revoke it.

We do not agree with the construction which the Court below gave to the letter of January 2, 1946, authorizing the release of petitioner "until the Probation and Parole Board can make a final investigation of this case to be presented to the Pardon Board at its next meeting." This letter contemplated that petitioner's case would be investigated by the Probation and Parole Board in time to be presented at the next meeting of the Board of Pardons. That Board was required, Section 3437 of the 1942 Code, to hold a regular meeting in January, April, July and October of each year and as many extra meetings as the Governor should order. No effort was made by the Probation and Parole Board to investigate the case. It was never presented to the Board of Pardons. By Act No. 562 of the Acts of 1946, approved March 28, 1946, 44 St. at L. 1516, the terms of office of the members of the Board of Pardons were terminated as of July 1, 1946, and all the duties, power and authority of that Board were devolved upon the Probation and Parole Board, which was thereafter to be known as the South Carolina Probation, Parole and Pardon Board. After the Board of Pardons was abolished, it was no longer possible to carry out the plan contemplated by the Governor in his letter of January 2nd.

It was certainly not the intention of Governor Williams that the non-action of the two boards mentioned in this letter should have the effect of giving petitioner an indefinite leave of absence which could not be revoked by him or his successor. He evidently thought that further action on his part was necessary because he states in his affidavit that he intended thereafter to parole petitioner but through inadvertance failed to do so.

We are inclined to think that under the above circumstances the leave of absence granted by Governor Williams

had already expired when Governor Thurmond assumed office in January, 1947. But if we assume that this leave continued in effect, it was certainly one subject to termination at the will of the Governor. It is needless to speculate on what knowledge Governor Thurmond had of this case at the time he issued his general order revoking all leaves of absence. There is no basis for estoppel as claimed by petitioner.

It is furthr asserted that the general order of Governor Thurmond revoking all leaves of absence was not of such nature as to include the revocation of that given petitioner. This question is not properly before us since it was not raised in the lower Court. We may add, however, that there is no merit in this contention.

It follows that petitioner properly surrendered himself to the authorities at the penitentiary and was there lawfully detained. Accordingly, the order appealed from is reversed and petitioner is required to enter the penitentiary for the purpose of serving the remainder of his sentence.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.