IN THE MATTER OF CURTIS LEE FERGUSON AND BOBBY MILLER.

(Filed 1 February, 1952.)

**1. Robbery § 3—**

> Where, on a charge of robbery with firearms, the jury returns a verdict of "guilty of robbery" sentence of not less than ten nor more than fifteen years is in excess of that permitted by law.

**2. Criminal Law §§ 62a, 83—**

> Where the court imposes a sentence in excess of the limit prescribed by law the judgment will be vacated and the cause remanded for proper sentence.

**3. Arrest and Bail § 5—**

> Where a cause is remanded to the Superior Court for proper judgment because the sentence for the felony of which defendants were convicted was excessive, defendants are not entitled, as a matter of right, to their release on bail for their appearance at the next term of Superior Court of the county.

PETITION for writ of *certiorari*.

Petitioners were put on trial in Mecklenburg County at the May Term, 1951, before *Sink, J.*, on bills of indictment charging each of the defendants with robbery with firearms or other dangerous weapons and common law robbery. The charge against the defendants grew out of the same alleged facts, and the cases were consolidated for trial. The jury returned a verdict of "guilty of robbery" against each of the defendants, and the court sentenced each of the defendants to confinement in the State Prison for a term of not less than ten (10) years and not more than fifteen (15) years, to be assigned to work at hard labor.

The petitioners bring the cause to this Court on petition for writ of *certiorari* contending that they were convicted only of common law robbery and that the sentences imposed are in excess of that provided by law.

The respondent concedes that the sentences imposed are excessive and that the cause should be remanded to the Superior Court for proper judgments.

*Marshall B. Hartsfield for petitioners.*

*R. Brookes Peters, Jr., L. J. Beltman and E. O. Brogden, Jr. for respondent.*

PER CURIAM. The judgments heretofore pronounced are vacated and the cause is remanded to the Superior Court of Mecklenburg County on authority of *In re Sellers*, 234 N.C. 648, to the end that judgments may be imposed as provided by law.

After this opinion has been certified to the Superior Court, the proper officials of the State's prison are hereby directed to deliver custody of the petitioners to the sheriff of Mecklenburg County in order that proper sentences may be imposed on the defendants at the next term of the Superior Court convening for the trial of criminal cases.

The petitioners contend that if or when this cause is remanded they will be entitled to their release on bail for their appearance at the next term of the Superior Court of Mecklenburg County, citing *S. v. Silvers*, 230 N.C. 300, 52 S.E. 2d 877; *S. v. Walters*, 97 N.C. 489, 2 S.E. 539. This contention is without merit.

In each of the above cited cases, the court was dealing with a misdemeanor. G.S. 15-183. The petitioners have been convicted of a felony and whether they are released on bail, pending the entry of proper judgments, is a question that must rest in the sound discretion of the court below. After a defendant is convicted of a felony, there is no constitutional or statutory right to bail. *S. v. Parker*, 220 N.C. 416, 17 S.E. 2d 475; *S. v. Bradsher*, 189 N.C. 401, 127 S.E. 349.

Error and remanded.