STATE v. WHITENER
(81 S. E. (2d) 784)

*Messrs. C. T. Graydon,* of Columbia, and *R. Aubrey Harley,* of Newberry, *for Petitioner-Appellant.*

*Messrs. T. C. Callison, Attorney General, James S. Verner, Assistant Attorney General,* and *T. Pou Taylor, Solicitor,* all of Columbia, *for Respondent.*

March 30, 1954.

PER CURIAM.

This matter came before the Supreme Court on a petition for *habeas corpus* by the defendant-appellant, Guy V. Whitener. Appellant seeks his release on bail from the Richland County Jail, where he is confined pending an appeal to this court.

Appellant was convicted of rape in the Court of General Sessions for Richland County on December 24, 1953. The jury recommended mercy, and the trial Judge fixed appellant's sentence at 14 years. Within due time appellant's counsel filed a notice of intention to appeal from the conviction to this Court.

No application for bail was made to the trial Judge since Section 7-8 of the 1952 Code provides:

"Bail shall be allowed to the defendant in all cases in which the appeal is from the trial, conviction or sentence for a criminal offense; except that no bail shall be allowed when the defendant shall have been sentenced to death, life imprisonment or for a term exceeding ten years."

Appellant thereupon applied to this Court for a writ of *habeas corpus* granting him bail. A writ was issued requiring the Sheriff of Richland County to bring appellant before this Court on January 11, 1954. Motion for bail was opposed by the Attorney General and by the Solicitor of the fifth Judicial Circuit who prosecuted the case against this appellant.

The State contends that the Supreme Court is without power to grant bail in view of the wording of the statute

quoted above. This statute as now contained in our Code evolved from several earlier statutes, the history of which will be briefly set out here.

Prior to 1884, there was no statute in regard to the granting of bail upon an appeal. The Supreme Court had held in *State v. Satterwhite,* 1883, 20 S. C. 536, 540, that a Circuit Judge, in all cases and after conviction, had the power to admit to bail during the pendency of an appeal.

In the following legislative session, an Act No. 454 of 1884 was passed regulating appeals in criminal cases. The Act provided that: "Pending such appeal the defendant shall still remain in confinement, unless he give bail in such sum and with such sureties as to the Court shall seem proper: *Provided, however,* Bail shall not be allowed in case the defendant has been convicted of a capital crime." This provision, together with the section providing for a stay of the execution of the sentence pending appeal, became Section 1031 of the 1942 Code.

The limitation with which we are here concerned came about as a result of the passage of an Act in 1887, No. 380, which provided that "it shall not be lawful for any Justice of the Supreme Court, or any Circuit Judge of this State, pending an appeal to the Supreme Court, to grant bail to any person who shall have been convicted of any offense the punishment whereof is death, or imprisonment for life, or imprisonment for any term exceeding ten years." This statute became Section 1032 of the 1942 Code.

The 1887 Act came before the Court for construction in 1897 in the case of *State v. Farris,* 51 S. C. 176, 28 S. E. 308, 309, 370. Defendant, sentenced to a term of ten years and one month, applied to the Supreme Court for a writ of *habeas corpus* for the purpose of procuring bail pending his appeal. The State resisted the granting of bail on the grounds that this Court was without authority to grant bail where the punishment exceeded ten years.

The Court cited at the outset Section 4 of Article 5 of the Constitution, which provides:

"The Supreme Court shall have power to issue writs or orders of injunction, mandamus, quo warranto, prohibition, certiorari, habeas corpus, and other original and remedial writs."

The Court then said:

"This being a power conferred upon the Supreme Court by the constitution, it might be an interesting inquiry whether such power could be taken away or abridged by an act of the legislature; but, as we are not aware of any statute by which the legislature has undertaken either to abridge or take away such power from this court, we do not deem it either necessary or proper to enter upon such inquiry at this time."

The Court granted bail on the grounds that it was manifest from the wording of the statute, Section 1032, 1952 Code, that the legislature did not intend to abridge the powers of this Court in granting bail.

In 1943, this Court considered in *Nichols v. Patterson,* 202 S. C. 352, 25 S. E. (2d) 155, a case in which a defendant, appealing from a sentence of two years for a violation of the liquor law, claimed the right to bail during appeal. The Court held that the granting of bail was discretionary and refused to upset the action of the Circuit Judge in denying bail.

In 1944, Section 1031, the 1884 Act, was amended to make the granting of bail mandatory in all criminal cases on appeal, except where the punishment has been set at death, life or in excess of ten years. The legislature obviously intended to liberalize the right of bail on appeal.

The amending Act contains the usual provision repealing inconsistent Acts, but it does not mention expressly or even by implication Section 1032, which Section of the Code was, without any authority, omitted from the 1952 Code. We do

not believe that it was the legislative intent to repeal this section which is in nowise in conflict with the statute as amended. This is not the only instance of legislation by the publisher of the Code which has been called to our attention.

The legislature has, however, adopted the Code as a whole in its present form. But even so, the legislature has no power to take away powers specifically granted to this Court by the Constitution. One of these powers is the historic writ of *habeas corpus.* Such a writ can be addressed to this Court in its original jurisdiction only under unusual circumstances, but appellant has presented to the Court such an occasion.

This Court has the power to issue these writs and orders referred to in the Constitution. Those fundamental remedies and safeguards upon which each individual in our society has the right to rely must be preserved by the courts. Otherwise, these procedural rights embodied in our Constitution to insure the individual against oppression will become nullities.

This Court, the judicial body of last resort in our state system of jurisprudence, has the inherent power to set bond in any case. Every defendant sentenced to ten years or less has the right to bail pending appeal. This Court can grant bail, in its discretion, where the sentence exceeds ten years.

The State made no attempt to rebut appellant's showing as to his right to bail if this Court has the power to grant the same. The petition and numerous affidavits submitted set out the grounds upon which appellant's appeal will be based. It would not be proper to consider the grounds at this time, but it is apparent from the showing made before this Court that the grounds are not frivolous or without substance.

The record further shows that appellant is a man of considerable wealth and property within South Carolina. He also has family ties and associations within the state. The

possibility of his attempting to escape appears remote. Because of the length of the record, several months may elapse before appellant's appeal can be considered and decided by this Court.

Under all of the circumstances of this case, we are of opinion that pending the appeal of the defendant-appellant to this court, he should be granted bail.

It is, Therefore, Ordered that upon the defendant-appellant, Guy V. Whitener, entering into a recognizance in the sum of $25,000.00 with no less than two nor more than five sureties, the form of the bond and all sureties thereon to be approved by the Clerk of Court for Richland County, conditioned that the said defendant-appellant do perfect his appeal and abide by the orders of the courts of this state having jurisdiction, he be allowed his freedom.

BAKER, C. J., TAYLOR, J., and Moss, Acting Associate Justice, concur.

STUKES and OXNER, Justices (dissenting).

We are convinced that this Court is without authority to grant bail to appellant in view of Section 7-8 of the Code of 1952 which provides that "No bail shall be allowed when the defendant shall have been sentenced to death, life imprisonment or for a term exceeding ten years." This prohibition is clear and unambiguous. It applies to this Court and all other Courts.

Similar statutes have been upheld in other States as constitutional in many decisions which are collected in annotations in 19 A. L. R. 807 and 77 A. L. R. 1235. In none of them was it contended, as here, that the writ of *habeas corpus* may be employed to override the statutes. In the recent case of *In re Ferguson*, 235 N. C. 121, 68 S. E. (2d) 792, 793, it was said: "After a defendant is convicted of a felony, *there is no constitutional* or statutory (in that State— interpolated) *right to bail.*" (Emphasis added.)

It is, of course, not illogical to restrict or deny the right to bail pending appeal from conviction. Before conviction, one charged with crime is clothed with a presumption of innocence; after conviction, the presumption of innocence is overthrown by verdict and judgment of guilt, upon which there arises a legal, as well as laical, presumption that the conviction is just, which presumption is not destroyed or abrobgated by appeal. *Parker v. State Highway Department,* S. C., 78 S. E. (2d) 382. In accord with this concept, our constitution of 1895, art. I, sec 20, requires the admittance to bail before conviction, with an exception which is now irrevelant; but contains no provision with respect to bail after conviction of crime. It thus seems clear that there is no constitutional right which the above statute violates.

Notwithstanding the statutory prohibition of bail under the facts of this case, the court is urged to grant bail under section 4 of article V of the Constitution, which provides: "The Supreme Court shall have power to issue writs or orders of * * * *habeas corpus* and other original and remedial writs." *That* the Chief Justice did in this case, which was for the purpose of inquiring into the legality of the detention of the applicant. It is found that he has been convicted of crime and sentenced to a term in excess of ten years, so that under the statute law, which has been quoted, he is not entitled to bail pending appeal from the conviction.

It is true that the writ of *habeas corpus* has come to be used as a convenient procedure before a court or judge to admit to bail one charged with crime, *Evans v. Manning,* 217 S. C. 10, 59 S. E. (2d) 341, but that is incidental to the main purpose of the writ which is to obtain release from illegal confinement. The following interesting quotation is from *State v. Everett and Potter*, 1838, Dub. 295: "At this day, one would hardly suppose that a question could arise on the subject of proceedings under the *habeas corpus* Act and yet there does seem to be a popular misapprehension in relation to them, indicating a belief that the *habeas corpus* Act is a sort of universal relief law—a summary general jail

delivery. * * * The object, therefore, is to ascertain the cause of arrest and imprisonment, and to obtain bail if the offence be one for which bail can be allowed." In the case at bar it would have been just as appropriate for the relator to have made a motion for bail.

It cannot consistently be overlooked that Sec. 15 of Article V of the Constitution vests also the Courts of Common pleas with jurisdiction, subject to appeal to the Supreme Court, to issue writs of *habeas corpus,* as do the statutes which create some of the County Courts; but it seems not to be contended that those courts are authorized to grant bail pending appeal of this and similar cases in which it is prohibited by the cited statute. What, too, of Sec. 17-354 of the Code of 1952, which empowers any two magistrates to issue the writ of *habeas corpus?* May magistrates, thereunder, release appellant by the device of *habeas corpus* in defiance of the statute governing bail on appeal? They may, conformably to the contention which has been made in behalf of the applicant. Is not the contention, then, clearly fallacious? We think so.

It has been suggested that the General Assembly never intended to repeal Section 1032 of the 1942 Code, which was construed in *State v. Farris,* 51 S. C. 176, 28 S. E. 308, 370, as not prohibiting this Court from granting bail, and that the omission of this section from the 1952 Code was an error on the part of the publishers. This assertion is open to serious question. While doubtless it was the intention of the General Assembly by the 1944 amendment to Section 1031 of the 1942 Code, 43 St. at L. 1256, to liberalize the granting of bail in the sense of giving an appellant bail as a matter of right in certain cases, rather than in the discretion of the court, the amendment went further and provided "that no bail shall be allowed when the defendant shall have been sentenced to death, life imprisonment or for a term exceeding ten (10) years". In view of the broad prohibition which has been quoted, Section 1032 of the 1942 Code became mere surplusage and, we think, was impliedly repealed by the 1944 amendment. Be that as it may, however, Section 1032 of the

1942 Code was lost when omitted from the 1952 Code. *State v. Meares,* 148 S. C. 118, 145 S. E. 695. It might be added that there was nothing in Section 1032 *which empowered this Court to grant bail.* Its effect was only to restrict the granting of bail in certain cases by either a Justice of the Supreme Court or a Circuit Judge. In *State v. Farris, supra,* it was held that this prohibition did not extend to this Court sitting as a whole. There was, therefore, left in the Supreme Court the power vested in the courts at common law to grant bail, as set out in *State v. Satterwhite,* 20 S. C. 536. This common law power has now been restricted by Section 7-8 of the 1952 Code, where the sentence is to death, life imprisonment or for more than ten years.

We repeat that we find it impossible to accept the view that although Section 7-8 of the 1952 Code prohibits, as apparently seems to be conceded, the Circuit and other courts from granting bail in certain cases, such prohibition does not extend to this Court. The fact that this Court is *a court of last resort adds nothing to its power with reference to bail.* If the common law power of circuit courts as to granting bail pending an appeal may be restricted by the General Assembly, where is the constitutional provision that denies the right of General Assembly to likewise restrict this Court? We find no such distinction made in the Constitution.

In our view the case is so plain that further, extended discussion is not warranted. The writ, having served its purpose, should be discharged; and the applicant remanded to custody pending his appeal.