24408

Shickrey ANTON, Appellant v. SOUTH CAROLINA COASTAL COUNCIL,
and South Carolina Wildlife and Marine Resources Department, Defen-
dants, of whom South Carolina Coastal Council is Respondent.

(469 S.E. (2d) 604)

Supreme Court

*A. Camden Lewis* and *Pete Kulmala,* both of *Lewis, Babcock & Hawkins,* Columbia, *for appellant.*

*Mary D. Shahid,* of *South Carolina Coastal Council,* Charleston, *for respondent.*

Heard Apr. 6, 1996.

Decided Apr. 15, 1996.

FINNEY, Chief Justice:

This is an appeal from an order granting a motion to dismiss appellant Shickrey Anton's complaint for failure to state a cause of action. We affirm in part and reverse in part.

Appellant applied for a permit to place earth fill on his property located on Hilton Head Island. Appellant's property is under the jurisdiction of the Army Corps of Engineers

(Corps) because part of his land has been declared jurisdictional wetlands. As a result, appellant is required to obtain a permit under Section 404 of the Federal Clean Water Act, 33 U.S.C. § 1344, for the placement of fill material. Additionally, since the property is located on the coast, it is regulated by the Coastal Zone Management Act (CZMA), 16 U.S.C. §§ 1451-1464. Before the Corps can issue a permit; a Certification of Consistency must be obtained from the South Carolina Coastal Council certifying that the proposed project is consistent with the State's federally approved Coastal Management Plan. 16 U.S.C. § 1456(c)(3)(A).

Coastal Council's Management Committee initially considered appellant's application and certified the project as being consistent with the state plan. On the following day at a meeting of the full Coastal Council, a member of the management committee stated that after the committee's vote he had acquired some new information which might have affected his vote. The certification was then returned from the full Coastal Council to the Management Committee for reconsideration. At a subsequent meeting the committee voted to deny certification. Coastal Council adopted the committee's decision. Coastal Council notified the Corps of its objection to the certification. The Corps denied appellant's Section 404 permit application. Appellant filed a petition with the U.S. Secretary of Commerce to override the denial. The Secretary of Commerce issued an order refusing to override the Coastal Council's objection.

Appellant brought suit against Coastal Council seeking mandamus and asserting ultra vires and inverse condemnation causes of action. Coastal Council filed a motion to dismiss pursuant to Rule 12(b), SCRCP. The special circuit judge issued an order dismissing the action. Appellant sought reconsideration and in response, the trial judge withdrew his initial order and substituted an order which reached the same result but based on a different analysis.[1]

As an initial matter, appellant claims the order issued is null because the special circuit judge was not validly in office. Ap-

---

[1] The order withdrawn by the judge held the U.S. Army Corps of Engineers was an indispensable party without which relief could not be granted. Since the substituted order is before us on appeal, we do not address the indispensable party finding because it is not discussed in the final order.

pellant asserts there must be a commission from the Governor to make Master-in-Equity Thomas Kemmerlin's appointment valid. He contends a special circuit judge can be commissioned only according to the provisions of S.C. Code Ann. §§ 14-5-170 and 180 (1977) pertaining to filling a vacancy or relieving an overcrowded docket.[2] We disagree.

The South Carolina Constitution gives the Chief Justice of the Supreme Court the power to "assign any judge to sit in any court within the unified judicial system." S.C. Const. art. V, § 4. Furthermore, where there is a conflict between the statute and the State Constitution, the Constitution overrides the statute. *State v. Whitener,* 225 S.C. 244, 81 S.E. (2d) 784 (1954) (legislature may not take away powers specifically granted to the Supreme Court by the Constitution). The Chief Justice has inherent power to assign judges within the unified judicial system. Accordingly, Judge Kemmerlin was lawfully presiding as special circuit judge and his order was validly issued.

On the merits, the trial judge concluded that while Coastal Council was the decision maker as to consistency certification, any loss suffered by appellant resulted from the Corps' decision to deny appellant's application for a Clean Water Act permit. The trial judge found that the loss, if any, must be pursued by suing the U.S. Corps of Engineers. Accordingly, the trial court dismissed the action finding appellant failed to state a cause of action as the relief sought could not be granted in circuit court. We agree that to the extent appellant alleges inverse condemnation, relief from any loss should be pursued in federal court, but find appellant stated other causes of action for which relief could be granted.

Appellant alleges inverse condemnation as a direct and proximate result of the acts of Coastal Council. We disagree and find that is a question for the federal courts since a taking does not occur until a permit is denied. In *United States v. Riverside Bayview Homes, Inc.,* 474 U.S. 121, 106 S.Ct. 455, 88 L.Ed. (2d) 419 (1985) the Supreme Court stated that "[a] requirement that a person obtain a permit before engaging in a certain use of his or her property does not

_____

[2] Section 14-5-170 provides that if a disengaged circuit judge is unavailable, the Governor shall immediately commission a special judge to hold the courts of the circuit.

itself 'take' the property in any sense. . . . Only when a permit is denied and the effect of the denial is to prevent 'economically viable' use of the land in question can it be said that a taking has occurred." Appellant claims the value destroying event is the denial of the consistency statement; however the value destroying event does not occur until after the permit is denied and there is a loss of economic viability of land use. *Id.*

Appellant asserts his due process rights were violated ■ by the actions of Coastal Council when it rescinded the consistency certification. Appellant claims Coastal Council's actions were arbitrary, capricious and without authority. Appellant sought to have respondent directed to reinstate the certification granted July 20, 1989. Such relief could be granted in circuit court. Further, the only avenue for meaningful review of the State's denial of consistency certification is through the state court. A reviewing court has the duty to examine the procedural methods employed at an administrative hearing to ensure that a fair and impartial procedure was used. *Ross v. Medical University of South Carolina,* — S.C. —, 453 S.E. (2d) 880 (1994). Accordingly, we reverse and remand for an examination of the procedure whereby the initial granting of certification by the Management Committee was reconsidered and rescinded.

Affirmed in part and reversed in part.

MOORE and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

TOAL, J., not participating.