STATE v. JACK L. TEMPLETON.

(Filed 25 March, 1953.)

**1. Burglary and Unlawful Breakings § 14—**
　　The maximum imprisonment for felonious breaking or entering is a period of ten years. G.S. 14-54.

**2. Criminal Law §§ 62a, 83—**
　　Where the minimum term prescribed by the judgment is within the statutory maximum for the offense, but the maximum term prescribed by the judgment is in excess of the statutory maximum, the sentence may not stand, but the prisoner is not entitled to a discharge or to a new trial, but the judgment will be vacated and the cause remanded for proper sentence, with allowance for the time already served.

PETITION for *certiorari.*

At the February Term, 1952, of the Superior Court of Catawba County, the petitioner was tried before Sink, J., and a jury, upon a three-count bill of indictment charging him with (1) felonious breaking and entering, (2) larceny of property not exceeding $100.00 in value, and (3) the receiving of stolen goods not exceeding $100.00 in value, knowing them to have been unlawfully stolen, taken and carried away.

The jury returned a general verdict of guilty. Upon this verdict the judgment of the court on the count of breaking and entering was that the

defendant "be confined in the State's Prison at Raleigh, North Carolina, for not less than seven nor more than twelve years to be assigned to such labor as he may be found physically fitted to perform . . ."

Upon the larceny count, the judgment directs "that the prisoner be confined in the common jail of Catawba County for a period of eighteen months, be assigned to work on the roads as provided by law . . ., the capias and commitment to issue at any time within five years from this date, to wit, the 6th day of February, 1952, upon the defendant's escaping or attempting to escape from the sentence of imprisonment hereinabove imposed for breaking and entering or for violating any other laws of the State of North Carolina, during said period."

The judgment is silent respecting the count for receiving stolen goods, etc.

The petitioner is now in the custody of the Warden of the State's Prison by virtue of commitment issued pursuant to the foregoing judgment. He brings his cause before this Court on petition for *certiorari*, contending that the seven to twelve years sentence on the count of breaking and entering is in excess of the maximum limit permitted by law.

*R. Brookes Peters, Laurence J. Beltman, and E. W. Hooper for Walter F. Anderson, Director of Prisons, State of North Carolina, respondent.*

PER CURIAM. The respondent concedes, and rightly so, that the maximum imprisonment prescribed by statute, G.S. 14-54, upon conviction for felonious breaking or entering is a period of ten years.

Accordingly, while the minimum term prescribed by the judgment under review is for a term of seven years, the maximum imprisonment allowable under the judgment is a period of twelve years, which is in excess of the maximum provided by the controlling statute.

This invalidity of the judgment works neither a discharge of the prisoner nor a new trial, but rather a remand of the cause to the Superior Court of Catawba County for the entry of a proper judgment. *In re Sellers*, 234 N.C. 648, 68 S.E. 2d 308; *In re Ferguson*, 235 N.C. 121, 68 S.E. 2d 792; *S. v. Miller, ante,* 427.

To the end that decision here reached may be complied with, the respondent Director of the State's Prison will deliver the defendant into the custody of the Sheriff of Catawba County prior to the convening in that county of the next term of Superior Court for the trial of criminal cases after the certification of this opinion. The court below in pronouncing sentence will give the defendant credit for the time served under the judgment on the first count which is hereby vacated.

Error and remanded.