## STATE v. CECIL HOLLARS.

### (Filed 18 September 1963.)

**Criminal Law § 133—**

Where sentence is imposed to begin at the expiration of another sentence theretofore imposed upon the same defendant in another prosecution, and thereafter the judgment in the prior prosecution is set aside and a new trial ordered, defendant is not entitled to his release from the subsequent sentence, but the cause should be remanded to the court entering that sentence for a proper judgment.

This was a petition for a writ of *habeas corpus* but treated by the Court as a petition for a writ of *certiorari* to review the status of the sentence the petitioner is now serving.

At the September Term 1957 the petitioner was tried in Watauga County in Case No. 173, upon a charge of breaking and entering and larceny. He entered a plea of *nolo contendere* and was sentenced to not less than two nor more than four years in the State's Prison.

At the same term of court the petitioner entered a plea of guilty to the charge of issuing a worthless check. He was given thirty days, this sentence to run concurrently with the sentence in Case No. 173.

At the same term of court he pleaded guilty to driving while drunk. He was given a sentence of four months to run concurrently with the sentence in Case No. 173.

At the September Term 1958 of the Recorder's Court of Alexander County, in Case No. 3788, the petitioner was convicted on the charge of destroying State property. He was given a sentence of six months, to begin at the expiration of the sentence in Case No. 173 in Watauga County.

The petitioner escaped from the Prison Department on 21 December 1959 and was recaptured the same day. He again escaped on 8 March 1960 and was recaptured 1 August 1960 in the State of Florida.

After the petitioner escaped from the custody of the Prison Department the second time, he committed various crimes and was brought to trial for those crimes in two different counties, Nash and Johnston, after being extradited from the State of Florida. Before being put on trial in Nash and Johnston Counties he had some remaining time to serve on the above unexpired sentences in Watauga County.

The North Carolina Prison Department's records show that the petitioner has served all of his Watauga County sentences and the Alexander County sentence; that these sentences were completed 14 December 1960.

At the October Term 1960 of the Superior Court of Nash County the petitioner was charged in Case No. 8902 with escaping prison. He was found guilty and sentenced to two years, to begin at the expiration of the sentence imposed in Alexander County Recorder's Court. The validity of this sentence is not challenged.

At the November Term 1960 of the Nash Superior Court, in Case No. 8976, the petitioner was tried and convicted on the charge of escape, a second offense. He was given two years in the State's Prison, sentence to begin at the expiration of the sentence imposed at the October Term 1960 in Case No. 8902.

At the same term, November 1960, in Nash County, the petitioner was tried and convicted in Case No. 8977 of armed robbery. He was sentenced to not less than five nor more than ten years in the State's Prison, this sentence to begin at the expiration of the two-year term imposed the same day in Case No. 8976 on the escape charge.

At the December Term 1960 of the Superior Court of Johnston County the petitioner was tried and convicted of armed robbery in Case No. 9795, and sentenced to not less than twenty nor more than

thirty years in the State's Prison, this sentence to begin at the expiration of the sentences imposed at the November Term 1960 of the Superior Court of Nash County in Cases Nos. 8976 and 8977. In this trial he was represented by counsel appointed by the court.

At the April Criminal Term 1963 of the Superior Court of Nash County, upon motion of the petitioner through court appointed counsel, the court set aside the judgments entered in the Superior Court of Nash County at the November Term 1960 in Cases Nos. 8976 and 8977, and ordered a new trial in each case. The order was based upon a finding that the petitioner was without financial resources; that he requested counsel at the November Term 1960, which request was denied.

According to the answer of the Attorney General, the petitioner completed the escape sentence entered at the October Term 1960 of the Superior Court of Nash County, in Case No. 8902, on 14 December 1962.

*Attorney General Bruton, Theodore C. Brown, Staff Attorney, for the State*
*Petitioner in propria persona.*

PER CURIAM.  There is no contention on the part of the petitioner that his conviction in Johnston County is not valid. He contends, however, that he is entitled to his release because the Johnston County sentence was not to begin until after the expiration of the sentences imposed at the November Term 1960 of the Nash Superior Court, in Cases Nos. 8976 and 8977, which judgments have been set aside.

This contention is without merit. Petitioner is neither entitled to a discharge nor a new trial in the Johnston County case. We think, however, he is entitled to have the cause remanded to Johnston County for a proper judgment. *In re Sellers*, 234 N.C. 648, 68 S.E. 2d 308; *In re Ferguson*, 235 N.C. 121, 68 S.E. 2d 792; *S. v. Templeton*, 237 N.C. 440, 75 S.E. 2d 243.

To the end that the decision here reached may be complied with, the Director of the State's Prison will deliver the petitioner into the custody of the Sheriff of Johnston County prior to the convening in that county of the next term of Superior Court for the trial of criminal cases after the certification of this opinion. The court below will vacate the present sentence and enter a proper sentence in lieu thereof. In pronouncing sentence, the court will give the petitioner

credit for the time served since the expiration of the sentence in Case No. 8902, entered at the October Term 1960 of the Superior Court of Nash County.

Remanded.