STATE OF NORTH CAROLINA v. PHILLIP LEIGH

No. 702SC465

(Filed 30 December 1970)

1. **Arrest and Bail § 6— delaying or obstructing police officer**

In order to convict one of a violation of G.S. 14-223, the State does not have to show that a defendant resisted, delayed *and* obstructed an officer, but it is sufficient if a defendant unlawfully and wilfully resists, *or* delays, *or* obstructs an officer in discharging or attempting to discharge a duty of his office.

2. **Arrest and Bail § 6— delaying or obstructing police officer**

There does not have to be an assault or actual physical interference with the officer to constitute an offense under G.S. 14-223, nor does the conduct of a defendant have to be so effective that it permanently prevents the officer from making his investigation.

3. **Arrest and Bail § 6— delay of officer's investigation of crime — abusive language — violation of G.S. 14-223**

Evidence of the State tending to show that defendant, by the continued use of loud and abusive language over a period of several minutes, prevented a deputy sheriff from talking with a suspect at the scene of a reported assault, thereby delaying the officer in making his investigation, *held* sufficient for submission to the jury in a prosecution under G.S. 14-223.

4. **Arrest and Bail § 6— obstructing or delaying officer — sufficiency of warrant**

Warrant charging that defendant unlawfully and wilfully delayed and obstructed a deputy sheriff in discharging his duty to investigate

a reported assault "by abusive language directed at the officer" and by "trying to convince the person being investigated from cooperating with the officer," *held* sufficient to charge an offense under G.S. 14-223.

Judge PARKER dissenting.

APPEAL by defendant from *May, Superior Court Judge,* 27 April 1970 Criminal Session of Superior Court held in WASHINGTON County.

Defendant was tried on his plea of not guilty on a warrant charging that on 20 January 1970 he unlawfully and wilfully "delayed and obstructed Deputy Sheriff Walter Peel, a duly empowered law enforcement officer of Washington County, in the discharge of his duty," a violation of G.S. 14-223. Specifically, the warrant charged: "Said officer was investigating a reported assault and attempting to prevent a breach of the peace on Main Street in Creswell. The hinderance *(sic)*, delay and obstruction of the officer was accomplished by abusive language directed at the officer and by Phillip Leigh trying to convince the person being investigated from cooperating with said officer."

In the district court defendant was found guilty and was sentenced to imprisonment for four months, suspended upon payment of a fine of $250 and costs. He appealed, and on trial *de novo* in the superior court, the State presented evidence in substance as follows:

Deputy Sheriff Peel (deputy sheriff) testified that on the night of 20 January 1970 he went to Main Street in Creswell to investigate an assault reported to him to have been committed by one Raymond Blount. There were about twenty-five people there. He found Blount sitting in defendant's car. Defendant was on the driver's side of the car, and there were two shotguns in the car. The deputy sheriff walked to the car and asked Blount what was the matter. He testified that then the following occurred:

"Leigh was under the driver's side of the car. I observed two shotguns in his car. Leigh spoke up and said 'By, By, By,' and kept repeating it. I turned to the Spencer boy and asked what he meant by 'By, By, By.'

I was not able to talk to Blount because of Phillip Leigh. I couldn't get any information from Blount because of

Leigh. I asked Blount to get out of the car and come on go with me and Leigh said 'You don't have to go with that Gestapo Pig.' There was a surrounding of people there and I could not navigate properly and I told Blount to come on and go with me. When he started toward my car, Leigh kept saying 'You don't have to go with that Pig.' After I put Blount in my car, Phillip Leigh went to my car and told him to roll the window down and said that he did not have to go with that Pig and to give him five, and I pushed Raymond. Leigh was right up close to me. I pushed him back and told him to move out of the way. He kept coming up to the car when I was trying to put the man in the car."

The deputy sheriff also testified that Blount at no time refused to go with him, that Blount "cooperated nicely," that the defendant did nothing to prevent him from driving off, that he did drive away with Blount in his car, and that after he got away from Leigh, he was able to talk to Blount. At the time of these events Blount was a suspect in an assault which had not been committed in the presence of the deputy, and the deputy did not then have a warrant for Blount's arrest and did not then place him under arrest. Two other witnesses testified to substantially the same occurrences, except that they did not see the deputy push the defendant.

One of the State's witnesses testified that "Leigh talked in a loud voice for 5, 7 or 8 minutes. Peel left with Blount about five minutes after he got there. When Peel put Blount in his car, Leigh was standing to his (Leigh's) car door, with a gun beside him."

The defendant testified that he did not delay or obstruct or attempt to delay or obstruct the deputy and that he referred to the deputy as a "Pig" only after the deputy told him to "Move Nigger."

Defendant's motions for nonsuit made at the close of the State's evidence and renewed at the close of all the evidence were denied. The jury found defendant guilty as charged. From judgment sentencing defendant to imprisonment for a term of six months, defendant appealed.

*Attorney General Morgan and Staff Attorney Evans for the State.*

*John H. Harmon for defendant appellant.*

MALLARD, Chief Judge.

Defendant was charged with violation of G.S. 14-223. This statute makes it a misdemeanor "[i]f any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office."

[1]　This statute condemns the activity of any person wilfully and unlawfully resisting or *delaying* or obstructing a public officer in discharging or attempting to discharge a duty of his office. One of the duties of a deputy sheriff is to investigate alleged assaults with shotguns when they are reported to him. When the evidence is taken in the light most favorable to the State, the conduct and language of the defendant on this occasion was such as to prevent the officer from then and there talking to a person at the scene of the alleged crime. The evidence reveals that after the officer got in his car and drove away from the defendant, he was able to talk to Blount. The conduct of the defendant caused a delay in the investigative process which was an official duty of the officer. In order to convict one of a violation of this nature, the State does not have to show that a defendant resisted, delayed *and* obstructed an officer. It is sufficient if a defendant unlawfully and wilfully resists, *or* delays, *or* obstructs an officer.

[3]　Blount was not arrested and did not have to go with the deputy sheriff. Neither did he have to answer the questions the officer may have desired to ask. It was not improper for the defendant to tell Blount he did not have to go with the officer, but he did not have the right, by the continued use of loud and abusive language, to prevent the officer from talking to Blount. It was a duty of the deputy sheriff to investigate the alleged assault that had been reported to him. In doing so, it was proper to question Blount who was on the Main Street of Creswell at night with a shotgun. The deputy sheriff was unable to talk to Blount because of the loud and abusive language of the defendant over a period of several minutes. He had to drive away from the scene in order to talk to Blount, and this constituted a delay in the performance of his duty as an officer.

[2]　There does not have to be an assault on or actual physical interference with the officer in order to constitute the crime. Neither does the conduct of a defendant have to be so effective that it permanently prevents the officer from making his investigation.

State v. Leigh

[3] The evidence here was sufficient for the jury to find that the defendant unlawfully and wilfully, by his loud and abusive language directed at the officer delayed him in making his investigation. This required the submission of the case to the jury. The judgment imposed is within the limits prescribed by the statute.

[4] Although the warrant is not a model one, we think it was sufficient to charge an offense under the statute.

Defendant assigns as error certain portions of the charge, but when the charge is considered as a whole, no prejudicial error appears.

Defendant has other assignments of error which we find to be without merit under the applicable rules of law.

We hold that the defendant has had a fair trial, free from prejudicial error.

No error.

Judge GRAHAM concurs.

Judge PARKER dissents.

Judge PARKER dissenting:

A corollary to the rule that a valid warrant under G.S. 14-223 must allege at least in a general way the manner in which the accused obstructed the officer (see *State v. Wiggs*, 269 N.C. 507, 153 S.E. 2d 84, and cases cited therein), is that the State must prove its case according to its allegations. Here, defendant was not charged with physically obstructing the officer in any manner, nor was he charged with delaying the officer's investigation by means of continuous loud talking. The only allegations in the warrant as to the manner in which defendant delayed or obstructed the officer is that he did so by language he directed at the officer and by what he said to Blount. When the evidence in this case is related to the allegations in the warrant, I find no more than that defendant made statements to the effect that Blount did not have to go with the deputy, which was correct (*State v. McGowan*, 243 N.C. 431, 90 S.E. 2d 703; *State v. Mobley*, 240 N.C. 476, 83 S.E. 2d 100), and that Blount

should "give him five," the meaning of which was unclear. (The officer testified he did not know what these words meant, that he thought they meant "give him a fist"; defendant testified he referred to the Fifth Amendment.) If it would not have been a crime for Blount to refuse to talk to the officer *(Miranda)* or to go with him *(McGowan* and *Mobley, supra)*, it is difficult to see how it is a crime for defendant to so advise him. There was plenary evidence that defendant directed insulting remarks toward the officer. While certainly offensive and in poor taste, these did not in themselves constitute a violation of G.S. 14-223. On this record I find the evidence simply too thin to support a jury finding that anything defendant said, either to the officer or to Blount, actually resulted in delaying or obstructing the officer in the performance of his duties. The officer's testimony that he was "not able to talk to Blount because of Phillip Leigh" and that he "couldn't get any information from Blount because of Leigh," was merely the officer's conclusion as to the very question the jury was called upon to decide. When the factual basis for that conclusion was more closely examined, particularly in the clearer light cast by cross-examination, the officer testified: "After I went to Leigh's car, it was maybe a minute before Blount got out of the car. . . . Blount at no time refused to go with me. He just said I am not going anywhere, but he cooperated nicely. He went right on with me. He was only sort of hesitant."

First Amendment problems aside, it is possible a case may arise in which conviction under G.S. 14-223 should be sustained where violation consisted in the defendant's directing insulting remarks to the officer or in advising another of his rights while in presence of the officer. I do not think it proper to do so where the evidence that such conduct actually effected a delay or obstruction of the performance of the officer's duties is no more substantial than is disclosed on the present record. It appears to me that defendant was arrested and convicted, not because he obstructed or delayed the officer, but because he offended him. I think nonsuit should have been allowed.