STATE OF NORTH CAROLINA v. CURTIS DOWNING

No. 832SC335

(Filed 21 February 1984)

1. **Criminal Law § 26.5— convictions of felonious breaking or entering and felonious larceny pursuant to a breaking or entering**

    Defendant could properly be convicted and punished for both felonious breaking or entering in violation of G.S. 14-54(a) and felonious larceny pursuant to a breaking or entering in violation of G.S. 14-72(b).

**2. Larceny § 7.3— ownership of stolen property—no fatal variance**

There was no fatal variance between an indictment charging larceny of property from the owner of a building and evidence that the stolen property belonged to the owner's daughter who had a business in the building, since the owner of the building had a sufficient property interest in the stolen items to support a charge of larceny.

**3. Arrest and Bail §6.2— obstructing an officer—sufficiency of evidence**

The evidence was sufficient to support defendant's conviction for obstructing an officer in violation of G.S. 14-223 where it tended to show that the officer brought defendant to the courthouse, the jailer called the magistrate, and defendant went into the jail cell area and refused to come out; the officer went into the cell area to get defendant and defendant raised his fists as if to hit her; the jailer stepped in and helped the officer take defendant to the magistrate's office; and once at the magistrate's office, defendant continued to be verbally abusive and refused to sit down.

**4. Criminal Law § 138— aggravating factor—proof of prior conviction**

Prior convictions may be proved by defendant's own statement under oath, and to challenge a prior conviction, defendant has the initial burden before or during trial to raise the issues of indigency and lack of assistance of counsel.

**5. Arrest and Bail § 6— obstructing police officer—excessive sentence**

A sentence of two years for obstructing an officer in violation of G.S. 14-223 was beyond the maximum term allowed by the statute and was therefore unlawful.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 22 October 1982 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 17 November 1983.

*Attorney General Edmisten, by Assistant Attorney General Jane P. Gray, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

BECTON, Judge.

After a Washington County jury found defendant guilty of felonious breaking or entering, felonious larceny, and misdemeanor obstructing an officer, the trial court entered judgments imposing sentences totalling twenty-two years. Defendant appeals, contending (1) that he cannot be convicted and punished for both breaking or entering and felonious larceny pursuant to a breaking or entering; (2) that the variance between the indictment

and the evidence as to the owner of property allegedly stolen requires that the larceny judgment be arrested; (3) that the evidence was insufficient to support a conviction for obstructing an officer; and (4) that the sentences imposed were improper or in excess of the statutory maximum terms.

I

[1] Seeking to have the judgment of conviction for felonious breaking or entering arrested, defendant first argues that he cannot be convicted of both felonious breaking or entering pursuant to N.C. Gen. Stat. § 14-54(a) (1981) and felonious larceny pursuant to N.C. Gen. Stat. § 14-72(b) (1981), since "[i]n this circumstance, the felonious breaking and entering is a lesser included offense of the felonious larceny." This argument, although ingeniously presented, has this day been rejected by this Court in *State v. Alton Gordon Smith*, 66 N.C. App. 570, --- S.E. 2d --- (1984). On the authority of *State v. Smith*, we, too, find no merit in this argument.

II

[2] Seeking to have the judgment of conviction for felonious larceny vacated, defendant next argues that "[t]here is a fatal variance between the indictment and the evidence as to the owner of the property allegedly stolen." The felonious larceny count of the indictment identified the property stolen as two television sets, one clock radio, five dollars and 93 cents in change, one carton and two packages of cigarettes, three bottles of wine, and one package of Dentyne gum. The indictment further alleges that all of the items stolen were "the personal property of Helen Atamanchuk." The State's evidence, however, showed that Helen Atamanchuk owned the building from which the items were stolen. Helen Atamanchuk's daughter, Mary A. Ruska, owned the business in the building, and the items stolen belonged to Mary A. Ruska.

An indictment for larceny must correctly allege the owner *or* the person in possession of the property stolen. *State v. McKoy*, 265 N.C. 380, 144 S.E. 2d 46 (1965). An indictment is sufficient, however, if the person alleged to be the owner of the property is shown to have a special property interest in the stolen property or if the evidence shows the person named in the indictment was

in possession of the property at the time of the theft. *See State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165 (1966) and *State v. Dees,* 14 N.C. App. 110, 187 S.E. 2d 433 (1972).

In this case, the evidence was sufficient to support a finding that Helen Atamanchuk, owner of the building in which the larceny was committed, was in possession of, *or* had a sufficient property interest in, the stolen items. More importantly, the defendant was not prejudiced in preparing his defense by the allegation of ownership in Helen Atamanchuk, rather than Mary Ruska. The reference to Atamanchuk's East Haven Food Mart, in addition to the individual named in the indictment sufficiently informed the defendant of the crime with which he was charged so he could determine whether he was charged with an indictable offense. Further, Mary Ruska testified for the State in defendant's trial. She, therefore, cannot have defendant indicted for a larceny of the same property from her. Defendant is clearly able to plead the verdict in this case in bar of a subsequent prosecution for the same offense. *See State v. Greene,* 289 N.C. 578, 223 S.E. 2d 365 (1976).

For the reasons stated, we find no fatal variance between the indictment and proof of the larceny count, and we further find that defendant in no way was prejudiced.

### III

[3] Defendant next contends that the evidence was not sufficient to permit a conviction for obstructing an officer since "his actions on August 13, 1982, were not such as to give rise to a violation of [N.C. Gen. Stat. § 14-223 (1981)]."

Defendant allegedly obstructed Officer Evelyn Hardy who, at the time, was attempting to complete the arrest of defendant. The manner in which the defendant allegedly obstructed or impeded her was by going into the jail (the cell area) and refusing to come out. To support his position, defendant points out that Officer Hardy was "simply waiting for the magistrate to get down to the courthouse" and that "nothing of significance to the arrest process was going on when the defendant went back to the cell area."

Again, we disagree with defendant. G.S. § 14-223 makes it a criminal offense to "willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge

a duty of his office." The case law is clear and straightforward. Neither actual physical assault or force is required to constitute a violation of G.S. § 14-223. *State v. Kirby*, 15 N.C. App. 480, 190 S.E. 2d 320, *appeal dismissed*, 281 N.C. 761, 191 S.E. 2d 363 (1972). Neither is it necessary to prove that the defendant's conduct permanently prevented the officer from discharging her duties. *State v. Leigh*, 10 N.C. App. 202, 178 S.E. 2d 85 (1970), *rev'd on other grounds*, 278 N.C. 243, 179 S.E. 2d 708 (1971). Further, the State's evidence is not as weak as defendant suggests. When Officer Hardy brought the defendant to the courthouse, the jailer called the magistrate. Instead of waiting with Officer Hardy, the defendant walked directly to the cell area. Officer Hardy requested the defendant to come out since he didn't belong there unless he had commitment papers. Defendant refused, and Officer Hardy asked him to come out again. The defendant then said: "If you want me, come and get me." Officer Hardy went in to get the defendant, and he raised his fists as if to hit her. The jailer stepped in and helped her get the defendant out of the cell area and also helped her take defendant down to the magistrate's office. Once in the magistrate's office, defendant continued to be verbally abusive and refused to sit down. Indeed, Officer Hardy had to handcuff defendant to restrain him.

IV

[4] On the authority of *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983), we summarily reject defendant's argument that "the sentences for the felony counts in excess of the presumptive term were unlawful because they were based on a single aggravating factor not properly proven." As stated in *State v. Alton Gordon Smith*: "Prior convictions may be proved by a defendant's own statement, under oath. *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983). To challenge a prior conviction, defendant has the initial burden before or during trial to raise the issues of indigency and lack of assistance of counsel. [Citation omitted.] Defendant, not having met his burden, cannot now complain." --- N.C. App. at ---, --- S.E. 2d at ---.

[5] Defendant also assigns error to the imposition of a sentence for obstructing an officer which was in excess of the statutory maximum. We find merit in this assignment of error. G.S. § 14-223 provides that obstructing an officer is a misdemeanor

"punishable by a fine not to exceed Five Hundred Dollars ($500.00), imprisonment for not more than six months, or both." A sentence beyond the maximum term allowed by the statute is unlawful. *State v. Templeton*, 237 N.C. 440, 75 S.E. 2d 243 (1953). In this case, defendant was given a two-year sentence for obstructing an officer. Since this sentence was to run at the expiration of the felony sentences, the case must be remanded for resentencing pursuant to the proper statute.

In the trial of this case, we find

No error.

For error in imposing sentence that exceeded the statutory maximum on the obstructing an officer charge, this case is

Remanded for resentencing.

Judges HEDRICK and HILL concur.