STATE OF NORTH CAROLINA
v.
ANDREW JERMAINE AIKEN
No. COA06-1456
Court of Appeals of North Carolina.
Filed August 7, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney Generals Joseph Finarelli and Brandon L. Truman, for the State.
D. Tucker Charns, for defendant.
SMITH, Judge.
Andrew Jermaine Aiken (defendant) appeals a judgment entered upon his conviction for possession of cocaine. We find no error in part and reverse and remand in part.
On the morning of 16 December 2004, the Winston-Salem Police Department received a telephone call reporting drug activity in Piedmont Circle, a public housing community. Sergeant Jay Edwards and Officer Edward King of the Winston-Salem Police Department were dispatched to the 2800 block of Piedmont Circle, and arrived at approximately 10:40 a.m. Having received a report that several African American males were selling drugs on the short street that bisects the horseshoe-shaped community, Sergeant Edwards drove around in search of subjects matching the descriptions provided to him. On his second pass through the neighborhood, Sergeant Edwards observed three African American males, two of whom matched the physical descriptions provided by the caller. Sergeant Edwards exited his police cruiser and instructed the subjects, who had begun to walk off in separate directions, to stop and approach him. However, the subjects disregarded Sergeant Edwards' command and continued to disperse.
One subject, later identified as defendant, walked around an adjacent building and out of the line of sight of Sergeant Edwards while the other subjects approached an apartment and began knocking on its back door. Sergeant Edwards then heard, over his radio, a report that Officer King was in a foot chase in the community. As defendant ran, he ignored Officer King's commands to stop. Meanwhile, Sergeant Edwards returned to his car and, after driving a short distance, observed Officer King in pursuit of defendant, whom Sergeant Edwards recognized as one of the subjects he had confronted earlier. During the chase, defendant was out of Officer King's line of sight for approximately two to three seconds. Officer King eventually caught defendant and subdued him with the help of Sergeant Edwards. After advising defendant he was under arrest, Sergeant Edwards searched defendant and discovered: (1) a cell phone in his hand; (2) $134 neatly folded in defendant's front pocket and (3) $80 in crumpled currency in his right pocket. Based upon his training and experience in undercover drug operations, Edwards testified that the manner in which defendant kept money was consistent with that used by other drug dealers. Officer King then began to retrace the path of his foot pursuit of defendant. While doing so, Officer King found a clear "baggie" laying on a grassy area beside a sidewalk. The "baggie", which appeared to Officer King to contain crack cocaine, was warm to the touch and was not covered by frost like that covering the ground on that cold morning. Officer King returned to the arrest location with the plastic "baggie" filled with what was confirmed by field tests to be crack cocaine. Subsequently, the crack cocaine was sent to the State Bureau of Investigation for testing and was determined to consist of 4.6 grams of crack cocaine.
At the close of the evidence, defendant moved to dismiss the charges of possession of cocaine with intent to sell and deliver and possession of cocaine, which were denied by the trial court. A jury convicted defendant of the offense of possession of cocaine on 23 February 2006. The following day, defendant pled guilty to being a habitual felon, and was sentenced to 133 to 189 months imprisonment in a judgment entered 24 February 2006. Defendant timely filed notice of appeal to this Court.
In defendant's first argument on appeal, he contends that the trial court erred by admitting a statement defendant made regarding the weight of the cocaine discovered on the ground shortly after defendant was taken into custody.
In the case sub judice, defendant complained of chest pain after his being taken into custody, and was escorted to a local hospital by Sergeant Edwards and Officer King. Defendant became combative at the hospital and in an effort to calm defendant, Officer King told defendant that he would only charge defendant with a misdemeanor rather than a felony. However, when defendant was taken before a magistrate, Officer King submitted a probable cause sheet which indicated that defendant was being charged with, inter alia, felony possession with intent to sell and deliver cocaine. Upon learning of the felony charge, defendant again became despondent. Officer King then advised defendant that the weight of the cocaine dictated a felony charge, to which defendant replied, "[t]hat officer must have weighed it with the bag. It only weighed 4.4 grams." It is this statement which defendant challenges.
However, after a careful review of the record, we conclude that defendant has not properly preserved this issue for appellate review. Defendant's assignment of error on this issue is as follows:
The trial court erred in overruling the defendant's objection to the admission of the alleged statement of the defendant while he was in custody as to the weight of the cocaine when the defendant had not been advised of his right to remain silent, in violation of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, Article I, Sections 19, 23, 24 and 27 of the North Carolina Constitution and Federal and North Carolina statutory and common law, resulting in prejudice to the defendant.
There was no objection at trial to the admission of this evidence. Thus, defendant's recourse was to assign plain error, which he has not done. As defendant failed to assign plain error in the record on appeal, and this Court's review "is confined to a consideration of those assignments of error set out in the record on appeal", defendant's argument is not properly before this Court. N.C.R. App. P. 10(a); see also State v. McNeil, 350 N.C. 657, 681, 518 S.E.2d 486, 501 (1999); State v. Williams, 153 N.C. App. 192, 196, 568 S.E.2d 890, 893 (2002); N.C.R. App. P. 10(c)(4) (noting that a question not preserved by objection at trial may be made the basis of an assignment of error, provided that in the assignment of error, "the judicial action questioned is specifically and distinctly contended to amount to plain error."). This assignment of error is therefore dismissed.
On appeal, defendant next contends that the trial court erred by failing to grant defendant's motion to dismiss the instant charges because the State failed to present substantial evidence that defendant had either actual or constructive possession of the cocaine located on the sidewalk. We disagree.
In ruling on a motion to dismiss, "the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." State v. Crawford, 344 N.C. 65, 73, 472 SE 2d 920, 925 (1996).
Evidence is substantial if it is relevant and adequate
"to convince a reasonable mind to accept a conclusion. In considering a motion to dismiss, the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. The trial court must also resolve any contradictions in the evidence in the State's favor. The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility."
State v. Robinson, 355 N.C. 320, 336, 561 S.E.2d 245, 255-56 (2002) (quoting State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001) (internal citations and quotation marks omitted)). "'[T]he rule for determining the sufficiency of evidence is the same whether the evidence is completely circumstantial, completely direct, or both.'" State v. Crouse, 169 N.C. App. 382, 389, 610 S.E.2d 454, 459 (quoting State v. Wright, 302 N.C. 122, 126, 273 S.E.2d 699, 703 (1981)), disc. review denied, 359 N.C. 637, 616 S.E.2d 923 (2005).
"An accused's possession of narcotics may be actual or constructive." State v. Harvey, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). "A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." State v. Reid, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002). However, the State is not required to prove actual physical possession of the controlled substance; proof of constructive possession by defendant is sufficient to carry the issue to the jury. State v. Perry, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). "Constructive possession exists when a person, while not having actual possession, has the intent and capability to maintain control and dominion over a controlled substance." State v. Williams, 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983). Where a controlled substance is found on premises under the defendant's control, this fact alone may be sufficient to overcome a motion to dismiss and take the case to the jury. Harvey, 281 N.C. at 12, 187 S.E.2d at 714. Nevertheless, if a defendant does not maintain exclusive control of the premises, other "incriminating circumstances" must be established for constructive possession to be inferred. State v. Alston, 91 N.C. App. 707, 710, 373 S.E.2d 306, 309 (1988). Our determination then "'depends on the totality of the circumstances in each case. No single factor controls, but ordinarily the questions will be for the jury.'" State v. Butler, 147 N.C. App. 1, 11, 556 S.E.2d 304, 311 (2001)(quoting State v. Jackson, 103 N.C. App. 239, 243, 405 S.E.2d 354, 357 (1991)).
In the instant case, because the cocaine was not found in defendant's actual possession, we evaluate defendant's argument in the context of constructive possession. Here, circumstantial evidence of defendant's possession of the cocaine include the following: the bag of cocaine was located on the precise route defendant had taken while being pursued by Officer King; Officer King testified that he saw no other persons on the route during the chase or while retracing the route after defendant was taken into custody; when Officer King retrieved the bag of cocaine it was still "warm to the touch" and not covered with frost as was the ground despite the cold weather and importantly, when Officer King advised defendant that the weight of the cocaine dictated a felony charge, defendant replied, "[t]hat officer must have weighed it with the bag. It only weighed 4.4 grams."
This evidence gives rise to a reasonable inference that the cocaine found on the ground shortly after the time of the arrest came from defendant. Taken in the light most favorable to the State, we conclude that there was sufficient record evidence to show that defendant had the intent and capability to maintain dominion and control over the cocaine. This assignment of error is overruled.
In defendant's third argument on appeal, he contends that the trial court erred by determining that defendant qualified as a Level IV offender when it calculated defendant's prior conviction for possession of marijuana as a Class 1 misdemeanor. Rather, defendant asserts that his conviction for possession of one half to one and one half ounces of marijuana pursuant to N.C. Gen. Stat. § 90-95(d)(4) (2005) qualifies as a Class 3 misdemeanor, which should have resulted in defendant being sentenced as a Level III offender. We disagree.
Under the Structured Sentencing Act, before imposing a felony sentence, the sentencing judge must determine a defendant's prior record level pursuant to N.C.G.S. § 15A-1340.14. A prior conviction, in turn, can be proved by any of the following methods:
(1) Stipulation of the parties.
(2) An original or copy of the court record of the prior conviction.
(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
(4) Any other method found by the Court to be reliable.
The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists.
State v. Alexander, 359 N.C. 824, 827, 616 S.E.2d 914, 916-17 (2005) (internal quotation marks and citations omitted). Additionally, in order for a trial court to determine a defendant's prior record level for purposes of felony sentencing, one point is assigned for each Class A1 and Class 1 non-traffic misdemeanor offense in accordance with N.C. Gen. Stat. § 15A-1340.14(b)(5) (2005).
In the instant case, The North Carolina Controlled Substances Act identifies marijuana as a Schedule VI controlled substance. N.C. Gen. Stat. § 90-94 (2005). While the statute provides that the possession of a Schedule VI controlled substance in an amount less than one-half of an ounce is a Class 3 misdemeanor, it specifically states, in pertinent part, that "[i]f the quantity of the [Schedule VI] controlled substance exceeds one-half of an ounce (avoirdupois) of marijuana . . . the violation shall be punished as a Class 1 misdemeanor." G.S. § 90-95 (d)(4). Accordingly, defendant's conviction for possession of marijuana in an amount between one half and one and one half ounces was correctly characterized as a Class 1 misdemeanor and also properly assigned one point for the purposes of calculating defendant's prior record level of IV. This assignment of error is therefore overruled.
In defendant's final argument on appeal, he contends that the trial court erred by sentencing defendant to a maximum sentence of 189 months in the instant judgment because the sentence exceeds the statutorily imposed maximum sentence pursuant to N.C. Gen. Stat. § 15A-1340.17(e) (2005). This argument has merit. "When a defendant assigns error to the sentence imposed by the trial court, our standard of review is whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing." State v. Deese, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (internal quotation marks omitted). A sentence beyond the maximum term allowed by the statute is unlawful. State v. Templeton, 237 N.C. 440, 75 S.E.2d 243 (1953).
Defendant's plea of guilty to being a habitual felon carried with it a Class C felony conviction in accordance with N.C. Gen. Stat § 14-7.6 (2005). For a Level IV offender, a Class C felony conviction carries a presumptive sentence of 107 to 133 months. See N.C. Gen. Stat. § 15A-1340.17(c) (2005). Utilizing the applicable sentencing tables, the maximum sentence to which defendant was subject was a minimum term of imprisonment of 133 months and a maximum term of 167 months. See G.S. § 15A-1340.17 (e). However, the trial court, in its judgment, sentenced defendant to a maximum term of imprisonment of 189 months. Accordingly, we reverse the judgment and remand this matter to the trial court for re-sentencing in accordance with the statutorily mandated maximum sentence of 167 months for the instant offense under North Carolina law.
No error in part; reversed and remanded in part.
Judges MCGEE and STEPHENS concur.
Report per Rule 30(e).